JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Richard H. Engman
Ross S. Barr

 - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Heather Lennox
Ryan T. Routh

Proposed Attorneys for Debtors
 and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
:
Metaldyne Corporation, *et al.,* : Case No. 09-13412 (MG)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

**SUPPLEMENT TO MOTION OF DEBTORS AND DEBTORS IN
POSSESSION FOR INTERIM AND FINAL ORDERS PURSUANT
TO SECTIONS 361, 362, 363, 364 AND 510 OF THE BANKRUPTCY CODE
AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
(A) AUTHORIZING THE DEBTORS TO (I) USE CASH COLLATERAL OF THE
PREPETITION SECURED LENDERS, (II) OBTAIN POSTPETITION FINANCING
AND (III) PROVIDE ADEQUATE PROTECTION TO THE PREPETITION
SECURED LENDERS, (B) AUTHORIZING DEBTORS TO ENTER INTO,
AND APPROVING, AN ACCOMMODATION AGREEMENT WITH CERTAIN
CUSTOMERS AND (C) PROVIDING NOTICE AND SCHEDULING FINAL HEARING**

TO THE HONORABLE
UNITED STATES BANKRUPTCY JUDGE:

Metaldyne Corporation and 30 of its domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), respectfully represent as follows:

**<u>Background</u>**

1. On May 27, 2009 (the "<u>Petition Date</u>"), the Debtors commenced their reorganization cases through the filing of voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only and administered jointly.

2. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On May 28, 2009, the Debtors filed the Motion of Debtors and Debtors in Possession for Interim and Final Orders Pursuant to Sections 361, 362, 363, 364 and 510 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (A) Authorizing the Debtors to (I) Use Cash Collateral of the Prepetition Secured Lenders, (II) Obtain Postpetition Financing and (III) Provide Adequate Protection to the Prepetition Secured Lenders, (B) Authorizing Debtors to Enter Into, and Approving, an Accommodation Agreement With Certain Customers and (C) Providing Notice and Scheduling Final Hearing (the "<u>Motion</u>").[1]

---

[1] Capitalized terms not otherwise defined herein have the meaning given to them in the Motion.

**Supplemental Disclosure Regarding Reservation of Certain Third Party
Rights and Bar of Challenges and Claims Pursuant to Local Rule 4001-2(f)**

4. The Motion seeks entry of the Interim Order, pursuant to which the Debtors stipulate to, among other things, (a) the legality, validity and enforceability of the Prepetition Obligations and (b) the legality, validity and enforceability of liens securing the Prepetition Obligations. Interim Order ¶¶ F(iii), (iv). The Interim Order further provides that notwithstanding the Debtors' stipulation, a committee appointed under § 1102 of the Bankruptcy Code, or any other party in interest, may challenge the legality, validity or enforceability of the Prepetition Obligations and the liens securing those obligations. Interim Order ¶ 6; Local Rule 4001-2(f).

5. Local Rule 4001-2(f) provides that if a motion seeks entry of an order in which the debtor makes such stipulations, the order must also provide that the minimum time for a committee or party in interest to commence an investigation or proceeding challenging the validity and enforceability of such stipulated liens or obligations shall ordinarily be 60 days from the date of entry of the final order, or such longer period as the Court may order. Id. The Motion did not disclose (but the proposed Interim Order state) that the Interim Order purported to limit the period during which a committee or other party in interest may commence such a challenge (the "Challenge Period") to either (a) forty-five (45) days following the appointment of the first committee of unsecured creditors or (b), if no committee is appointed, sixty (60) days following the entry of the Final Order. Interim Order ¶ 6. After filing the Motion, the Debtors discussed this oversight in the Motion with the U.S. Trustee and agreed to supplement the Motion to include such disclosure. In the meantime, after discussion with the Prepetition ABL Agent, the Debtors are now able to amend the Interim Order to provide for a sixty (60) day challenge period as required by Local Rule 4001-2(f).

## Notice

6.      No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to The Bank of New York Mellon and JPMorgan Chase Bank, N.A., as agents for the Debtors' prepetition senior secured credit facility; (c) counsel to DBNY, in its capacity as DIP Lender, DIP Agent and as agent for the Debtors' prepetition asset-backed secured revolving credit facility; (d) counsel to The Bank of New York Trust Company, N.A., in its capacity as the indenture trustee for the remaining outstanding Notes; (e) counsel to the North American OEMs; (f) counsel to Asahi Tec; (g) counsel to RHJI; and (h) those creditors holding the 50 largest unsecured claims against the Debtors' estates. The Debtors submit that no other or further notice need be provided.

Dated: May 28, 2009
     New York, New York

Respectfully submitted,

/s/ Ross S. Barr
Richard H. Engman
Ross S. Barr
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

 - and -

Heather Lennox
Ryan T. Routh
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION