Bonnie Steingart (BS-8004)
Gary Kaplan (GK-4542)
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000

*Counsel for the Prepetition Term Lenders*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                          :
                                                :  Chapter 11
                                                :
Metaldyne Corporation, et al.,                  :  Case No. 09-13412 (MG)
                                                :
                                                :  Jointly Administered
                                                :
                          Debtors.              :
                                                :
------------------------------------------------------------x

**OMNIBUS OBJECTION OF THE PREPETITION TERM LENDERS TO THE
DEBTORS' MOTIONS (I) PURSUANT TO SECTIONS 105(A), 363(B) AND 503(B)(9) OF
THE BANKRUPTCY CODE, FOR INTERIM AND FINAL ORDERS AUTHORIZING
THEM TO PAY THE PREPETITION CLAIMS OF CERTAIN ESSENTIAL SUPPLIERS
AND ADMINISTRATIVE CLAIMHOLDERS AND GRANTING CERTAIN RELATED
RELIEF AND (II) PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE, FOR INTERIM AND FINAL ORDERS AUTHORIZING THEM TO PAY THE
PREPETITION CLAIMS OF CERTAIN FOREIGN VENDORS**

The Prepetition Term Lenders[1] to the above-captioned debtors and debtors in possession

(collectively, the "Debtors") hereby submit this objection (the "Objection") to the motions (the

---

[1] The Prepetition Term Lenders are party to that certain Credit Agreement, dated as of January 11, 2007 (as amended, restated, supplemented or otherwise modified, the "Prepetition Term Credit Agreement" and the credit facility thereunder, the "Prepetition Term Facility) between Metaldyne Intermediate Holdco, Inc., Metaldyne Company LLC, as borrowers, certain lenders (the "Prepetition Term Lenders"), JPMorgan Chase, as administrative agent (in such capacity, the "Prepetition Term Administrative Agent"), and collateral agent (in such capacity, the "Prepetition Term Collateral Agent," and together with the Prepetition Term Administrative Agent, the "Prepetition Term Agent"), Citicorp, as syndication agent, and Deutsche Bank Securities, Inc., as documentation agent.

"Motions")[2] of the Debtors (I) Pursuant to Sections 105(a), 363(b) and 503(b)(9) of the Bankruptcy Code, for Interim and Final Orders Authorizing Them to Pay the Prepetition Claims of Certain Essential Suppliers and Administrative Claimholders and Granting Certain Related Relief and (II) Pursuant to Sections 105 and 363 of the Bankruptcy Code, for Interim and Final Orders Authorizing Them to Pay the Prepetition Claims of Certain Foreign Vendors. In support of its Objection, the Prepetition Term Lenders respectfully state as follows:

## PRELIMINARY STATEMENT

The Motions seeks authority for the Debtors to pay up to $7.1 million in prepetition unsecured claims of the Essential Suppliers and $3.5 million in prepetition unsecured claims to the Foreign Vendors in an impermissible attempt to pay various allegedly "essential" prepetition, unsecured creditors in full, while the Prepetition Term Lenders, who hold secured claims, receive nothing from the Debtors. The relief requested is unlawful because the Debtors seek, in essence, to grant priority to unsecured creditors in a manner that supplants and usurps the secured rights of the Prepetition Term Lenders. Such payments are not sanctioned by the Bankruptcy Code and are in direct violation of the priority scheme established by Congress.

Even under the most lenient standards that courts have used to allow critical vendor motions, the Debtors have not shown that (i) the going concern value of the Debtors' assets would be immediately and irreparably harmed should the Court not allow the payments to prepetition unsecured creditors or (ii) the payment of the prepetition claims is critical or necessary to the Debtors' reorganizations. The Debtors have provided insufficient information regarding the nature and extent of the "essential" prepetition unsecured claims. The Debtors

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Motions.

should provide to the Prepetition Term Lenders and other parties in interest additional information regarding the type and nature of the claims they propose to pay and the exact amount of these claims. This Court should not enter the interim orders as requested by the Debtors, but instead, should wait to decide the Motions at a final hearing, to be held after all parties in interest have had an opportunity to review any additional information provided by the Debtors.

OBJECTION

1. "The foundation of a critical-vendors order is the belief that vendors not paid for prior deliveries will refuse to make new ones." In re Kmart Corp., 359 F.3d 866, 872 (7th Cir. 2004). The Seventh Circuit has suggested that section 363(b) of the Bankruptcy Code could serve as authority for pre-plan payments of some postpetition debts if a debtor proves (i) that the supposedly critical vendors will cease doing business with the debtor if not immediately paid their pre-petition claims and (ii) that "the business will gain enough from continued transactions with the favored vendors to provide some residual benefit to the remaining, disfavored creditors, or at least leave them no worse off." Kmart, 359 F.3d at 868, 873.

2. At this point, merely one day into the Debtors' chapter 11 cases, the Debtors have not shown that failure to pay the Essential Suppliers and the Foreign Vendors would be detrimental to the Debtors' reorganization efforts. In fact, the Debtors have provided little to no information at all regarding the Essential Suppliers and the Foreign Vendors. The Motions contain no specific information regarding these prepetition unsecured claims the Debtors propose to pay, or the amount of such claims. Instead, the Debtors provide an arbitrary cap – over $10 million – for the payment of these claims. This is an extremely large number given the Debtors current financial condition and the fact that the debtor in possession financing ("DIP Financing") proposed by the Debtors is only $18.5 million. Given that the Debtors may be administratively

insolvent as of the termination of the DIP Financing, the Debtors' request for authority to pay prepetition unsecured claims now is premature.

3. The Debtors should provide the Prepetition Term Lenders and all other parties in interest with detailed information regarding the claims they propose to pay and the reason paying each individual supplier or vendor is critical to the Debtors' efforts to reorganize. Because the Debtors have not demonstrated the exigent nature of the relief requested in the Motions, the Court need not approve the Motions on an interim basis. Instead, after all parties in interest have had a chance to review and analyze the additional information provided by the Debtors, the Debtors can re-notice the Motion for hearing and this Court can make a determination at a later date on a final basis.

WHEREFORE, the Prepetition Term Lenders respectfully request that the Court deny the Debtors' request for approval of the Motions.

Dated: New York, New York
May 29, 2009

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP

/s/ Bonnie Steingart
Bonnie Steingart (BS-8004)
Gary Kaplan (GK-4542)
One New York Plaza
New York, New York 10004
Phone: (212) 859-8000
Fax:    (212) 859-4000

*Counsel for the Prepetition Term Lenders*