UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re : Chapter 11
: 
Metaldyne Corporation, *et al.,* : Case No. 09-13412 (MG)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE, (A) AUTHORIZING THE DEBTORS TO (I) CONTINUE THEIR EXISTING WORKERS' COMPENSATION PROGRAMS AND (II) PAY CERTAIN PREPETITION WORKERS' COMPENSATION PREMIUMS, CLAIMS AND RELATED EXPENSES; AND (B) GRANTING CERTAIN RELATED RELIEF**

This matter coming before the Court on the Motion of Debtors and Debtors in Possession, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, for an Order (A) Authorizing the Debtors to (I) Continue Their Existing Workers' Compensation Programs and (II) Pay Certain Prepetition Workers' Compensation Premiums, Claims and Related Expenses; and (B) Granting Certain Related Relief (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and the Affidavit of Thomas A. Amato filed in support of the Debtors' first day papers (the "Affidavit") and having considered the statements of counsel with respect to the Motion at a hearing before the Court on the Motion (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) there is good cause to waive the ten-day

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable and (e) the payment of the Prepetition Workers' Compensation Claims and Prepetition Processing Costs and the continuation of the Workers' Compensation Programs on the terms and conditions described in the Motion is (i) essential to maximize value for the Debtors' stakeholders, (ii) in the best interests of the Debtors, their estates and their creditors and (iii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and the Court having determined that the legal and factual bases set forth in the Motion and the Affidavit and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to honor and pay, in their sole discretion, all Prepetition Workers' Compensation Claims, Insured Premiums and Prepetition Processing Costs in the ordinary course of business, to the extent that they become due and payable on or prior to the date of the Final Hearing set forth below.

3. The Debtors' banks and other financial institutions (collectively, the "Banks") are authorized and directed, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, Prepetition Workers' Compensation Claims, Insured Premiums and Prepetition Processing Costs, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and fund transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or fund transfer as approved by this Order.

4. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a Prepetition Workers' Compensation claim, Insured Premium or Prepetition Processing Cost; or (e) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

5. Any objection to granting of the relief requested by the Motion on a permanent basis shall be filed with the Court on or before 4:00 p.m. Eastern Standard Time on June 15, 2009 (the "<u>Objection Deadline</u>"), and served, so as to be received by the Objection Deadline, upon: (a) the Office of the United States Trustee for the Southern District of New York, Manhattan Office, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.); and (b) (i) Metaldyne Corporation, 47603 Halyard Drive, Plymouth, Michigan 48170 (Attn: David McKee, Gen. Counsel); (ii) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn: Richard Engman, Esq.); and (iii) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190 (Attn: Heather Lennox, Esq.). The Debtors submit that no other or further notice need be provided.

6. The Debtors shall, within two business days of the date of entry of this Interim Order, serve by United States mail, first class postage prepaid, copies of the Motion, this Interim Order and a notice (the "<u>Final Hearing Notice</u>") of the final hearing on the Motion (the "<u>Final Hearing</u>") to be held on **June 22nd, 2009 at 10:00 a.m.** on: (a) the U.S. Trustee; (b) counsel to The Bank of New York Mellon and JPMorgan Chase Bank, N.A., as agents for the Debtors' prepetition senior secured credit facility; (c) counsel to Deutsche Bank A.G., New York,

as agent for the Debtors' prepetition asset-backed secured revolving credit facility and as agent and lender under the Debtors' postpetition financing facility; (d) counsel to The Bank of New York Trust Company, N.A., in its capacity as the indenture trustee for the remaining outstanding Notes; (e) counsel to the North American OEMs; (f) counsel to Asahi Tec; (g) counsel to RHJI; (h) those creditors holding the 50 largest unsecured claims against the Debtors' estates; and (i) those persons who have formally appeared and requested service in this proceeding pursuant to Bankruptcy Rule 2002.

7. If no objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of the Final Order attached to the Motion, which Order may be entered with no further notice or opportunity to be heard afforded to any party.

8. Pursuant to Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9. The Court's ultimate disposition of the Motion shall not impair any action taken pursuant to the authority granted in this Order.

Dated: New York, New York
      **May 29, 2009**

                                                          **/s/Martin Glenn**
                                            UNITED STATES BANKRUPTCY JUDGE