**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                           :   Chapter 11
:
Metaldyne Corporation, *et al.*,                :   Case No. 09-13412 (MG)
:
         Debtors.                      :   (Jointly Administered)
:
---------------------------------------------------------------x

## INTERIM ORDER, PURSUANT TO SECTIONS 105, 363 AND 364 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS OF (I) CERTAIN POTENTIAL LIENHOLDERS AND (II) CERTAIN TOOLING SUPPLIERS

      This matter coming before the Court on the Motion of Debtors and Debtors in Possession, Pursuant to Sections 105, 363 and 364 of the Bankruptcy Code, for an Order Authorizing Them to Pay the Prepetition Claims of (I) Certain Potential Lienholders and (II) Certain Tooling Suppliers (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion, the Consolidated Memorandum of Law in Support of Motions of Debtors and Debtors in Possession for Orders Authorizing Them to Pay Certain Prepetition Claims (the "Memorandum of Law") the Affidavit of Linda Theisen in Support of Certain Requests for First Day Relief Related to Suppliers (the "Theisen Affidavit") and the Affidavit of Thomas A. Amato filed in support of the Debtors' first day papers (the "Amato Affidavit") and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) there is good cause to waive the ten-day stay imposed by Bankruptcy Rule 6004(h) to the

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

extent it is applicable and (e) the payment of the Lienholder Claims on the terms and conditions set forth herein is necessary and appropriate (A) to prevent serious disruptions to the Debtors' business operations that would cause potentially immediate and irreparable harm to the Debtors' chapter 11 strategy and (B) to preserve the going concern value of the Debtors' businesses and the Debtors' estates for the benefit of all stakeholders; and the Court having determined that the legal and factual bases set forth in the Motion, the Memorandum of Law, the Theisen Affidavit and the Amato Affidavit and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, in the Debtors' sole discretion and subject to the terms and conditions described herein, to pay the Lienholder Claims, up to the aggregate amount of $750,000 (the "Lienholder Cap").

3. Each recipient of a payment of a Lienholder Payment shall be required, to the extent applicable, to: (a) continue, without interruption, its existing business relationship with the Debtors, including, but not limited to, the acceptance and fulfillment of current and future purchase orders; (b) continue to extend normalized trade credit and provide other business terms on a postpetition basis (consistent with past practices), including with respect to any applicable credit limits, the pricing of goods and services and the provision of equivalent levels of service; (c) not file or record in any jurisdiction (whether federal, state or in any subdivision of a state), or otherwise assert against the Debtors, their chapter 11 estates or against any of their property, a lien (whether statutory or otherwise) or security interest relating in any manner to the Lienholder Claims satisfied through the Lienholder Payment; and (d) release to the Debtors as requested goods or other assets of the Debtors in the Lienholder's possession, all on terms at least as favorable as those extended prepetition or on such other terms that are acceptable to the

Debtors in their business judgment, until the Debtors emerge from chapter 11 (collectively, the "Trade Terms").

4. If a Lienholder accepts a Lienholder Payment and fails to provide the Debtors with the requisite Trade Terms, then (a) any Lienholder Payment received by the Lienholder will be deemed an unauthorized postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either (i) recover from the Lienholder in cash or goods or (ii) at the Debtors' option, apply against any outstanding administrative claim held by such Lienholder; (b) upon recovery of any Lienholder Payment, the corresponding prepetition claim of the Lienholder will be reinstated in the amount recovered by the Debtors; (c) the Debtors shall have all rights to challenge the validity, priority or extent of the Lienholders' lien or interest and the validity and amount of the related claim; and (d) the Debtors shall have all rights to seek to avoid as fraudulent or preferential or otherwise any lien or interest held by the Lienholder.

5. The Debtors shall implement and provide notice of the terms and conditions set forth in paragraphs 3 and 4 above through the following procedures:

- The Debtors may require a Lienholder to execute an agreement (a "Trade Agreement") prior to its receipt of a Lienholder Payment that (a) confirms that the Lienholder agrees to be bound by the terms set forth above, (b) confirms that the Lienholder has received and agrees to be bound by the order granting this motion and (c) contains such other terms and conditions as the Debtors believe proper, including confidentiality provisions.

- If no trade agreement is executed, any payment pursuant to which a Lienholder Payment is made shall be accompanied by (a) notice from the Debtors explaining that acceptance of the payment by the Lienholder constitutes its agreement to provide the Trade Terms and explaining the consequences of its failure to comply with such agreement and (b) a copy of this Order (collectively, the "Lienholder Information").

6. The Debtors' banks and other financial institutions (collectively, the "Banks") are authorized and directed, when requested by the Debtors in the Debtors' sole

-3-

discretion, to receive, process, honor and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, Lienholder Claims, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and fund transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or fund transfer as approved by this Order.

7. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute a Lienholder Claim or is supported by a valid lien and security interest; or (e) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

8. Any objection to granting of the relief requested by the Motion on a permanent basis shall be filed with the Court on or before 4:00 p.m. Eastern Standard Time on June 15, 2009 (the "Objection Deadline"), and served, so as to be received by the Objection Deadline, upon: (a) the Office of the United States Trustee for the Southern District of New York, Manhattan Office, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.) and (b) (i) Metaldyne Corporation, 47603 Halyard Drive, Plymouth, Michigan 48170 (Attn: David McKee, Gen. Counsel); (ii) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn: Richard Engman, Esq.); and (iii) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190 (Attn: Heather Lennox, Esq.). The Debtors submit that no other or further notice need be provided.

9. The Debtors shall, within two business days of the date of entry of this Interim Order, serve by United States mail, first class postage prepaid, copies of the Motion, this Interim Order and a notice (the "Final Hearing Notice") of the final hearing on the Motion (the "Final Hearing") to be held on **June 22, 2009 at 10:00 a.m. in Courtroom 501** on: (a) the U.S. Trustee; (b) counsel to The Bank of New York Mellon and JPMorgan Chase Bank, N.A., as agents for the Debtors' prepetition senior secured credit facility; (c) counsel to Deutsche Bank A.G., New York, as agent for the Debtors' prepetition asset-backed secured revolving credit facility and as agent and lender under the Debtors' postpetition financing facility; (d) counsel to The Bank of New York Trust Company, N.A., in its capacity as the indenture trustee for the remaining outstanding Notes; (e) counsel to the North American OEMs; (f) counsel to Asahi Tec; (g) counsel to RHJI; (h) those creditors holding the 50 largest unsecured claims against the Debtors' estates; and (i) those persons who have formally appeared and requested service in this proceeding pursuant to Bankruptcy Rule 2002.

10. If no objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of the Final Order attached to the Motion, which Order may be entered with no further notice or opportunity to be heard afforded to any party.

11. Pursuant to Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

Dated: New York, New York
    **May 29, 2009**

                                                           **/s/Martin Glenn**
                                           UNITED STATES BANKRUPTCY JUDGE