**EXHIBIT A**

| Objection of the Committee | Debtors' Response |
|---|---|
| The Debtors' proposed waiver of rights under Section 506(c) of the Bankruptcy Code is inappropriate. | See Reply ¶¶ 9-10. There is no waiver in respect of the Prepetition Term Lenders; the waiver in favor of the DIP Lender and the Prepetition ABL Lenders is |
| The Debtors should post a letter of credit, grant a carve-out or provide other security for their postpetition trade payables and 503(b)(9) claims. | See Reply ¶ 11, regarding the Debtors' ability to pay postpetition claims and section 503(b)(9) claims. The Prepetition Lenders and DIP Lender will not permit their collateral to be used further to protect general unsecured claims, including section 503(b)(9) claims, and such protections are not in the Budget. |
| The proposed carve-out and cap on investigation fees unfairly impedes the Committee's discharge of its fiduciary obligations and precludes it from conducting the scope of the investigation required by the Final Order. | The proposed Final DIP Order now caps investigation fees at $125,000 (an increase from the initial proposal of $75,000). The Committee also claims that the limitation prohibiting the Committee from using the Carve-Out to assert any claims or causes of action against the Prepetition Lenders or DIP Lenders or their collateral is inappropriate. Such a provision is routine in DIP and Cash Collateral orders. In support of their position, the Committee cites In re Delta Air Lines, Inc., No. 05-17923 (Bankr. S.D.N.Y. Oct. 6, 2005), and In re Tropicana Entertainment, LLC, No. 08-10856 (Bankr. D. Del. May 30, 2008), for the proposition that such limitation is inappropriate. The final DIP order for Delta Air Lines, Inc., however, specifically prohibits the use of the Carve-Out to assert any claim or cause of action against a Prepetition Lender or DIP Lender. See In re Delta Air Lines, Inc., No. 05-17923, at 38 (Bankr. S.D.N.Y. Oct. 6, 2005) (prohibiting the use of the Carve-Out to assert any claim against the DIP Lenders or the Prepetition Lenders, but permitting the use of the Carve-Out to conduct an investigation into claims and defenses). In Tropicana Entertainment, the final DIP order prohibits the use of the Carve-Out by any party, including the Committee, to investigate, initiate or prosecute any claim or cause of action against any of the Postpetition Lenders or the Postpetition Agent, but is silent regarding |

| Objection of the Committee | Debtors' Response |
|---|---|
| | claims against, or investigation of, the prepetition lenders. In re Tropicana Entertainment, No. 08-10856, at 24 (Bankr. D. Del. May 30, 2008). |
| The Challenge Period is too short. | The proposed Final DIP Order extends the Challenge Period to 75 days from the entry of the Final DIP Order (an increase from the originally proposed 60 days). |
| The Committee should be required to assert within the Challenge Period only those claims relating to the perfection of the prepetition lenders' security interests and mortgages. | The Committee's investigation should reveal any and all claims it may believe to be viable causes of action against the Prepetition Lenders. Importantly, the proposed Final DIP Order does *not* require that such claims are to be *resolved* within the Challenge Period, they must only be *asserted*. |
| The Final Order should expressly confer standing on the Committee to prosecute claims against the Prepetition Lenders. | If the Committee believes it has claims against the Prepetition Lenders, it is free to seek authority from the Court to pursue those claims. Nothing in the proposed Final DIP Order prevents such a request. |
| The Committee should be entitled to copies of all notices and reports delivered to the prepetition lenders or the DIP Lenders. | The proposed Final DIP Order grants the Committee the right to receive all notices and reports delivered to the Prepetition Lenders and the DIP Lender. |