UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
                                                                :
In re                                                           :   Chapter 11
                                                                :
        Metaldyne Corporation, et al.,                          :   Case No. 09-13412 (MG)
                                                                :
                                Debtors.                        :   (Jointly Administered)
---------------------------------------------------------------  :
                                                                x
```

**FINAL ORDER, PURSUANT TO SECTIONS 345, 363(c)(1) AND 503(b)(1) OF THE
BANKRUPTCY CODE, (A) APPROVING THE DEBTORS' CONTINUED USE OF
THEIR CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND
BUSINESS FORMS; (B) GRANTING APPROVAL OF INVESTMENT AND DEPOSIT
GUIDELINES; (C) AUTHORIZING BANKS PARTICIPATING IN THE DEBTORS'
CASH MANAGEMENT SYSTEM TO HONOR CERTAIN TRANSFERS AND
CHARGE CERTAIN FEES AND OTHER AMOUNTS; (D) PERMITTING CONTINUED
INTERCOMPANY TRANSACTIONS AND GRANTING ADMINISTRATIVE EXPENSE
STATUS TO POSTPETITION INTERCOMPANY CLAIMS; AND (E) PRESERVING
AND PERMITTING THE EXERCISE OF INTERCOMPANY SETOFF RIGHTS**

This matter coming before the Court on the Motion of Debtors and Debtors in Possession, Pursuant to Sections 345, 363(c)(1) and 503(b)(1) of the Bankruptcy Code, for Interim and Final Orders: (A) Approving the Continued Use of Their Cash Management System, Bank Accounts and Business Forms; (B) Granting Approval of Investment and Deposit Guidelines; (C) Authorizing Banks Participating in the Debtors' Cash Management System to Honor Certain Transfers and Charge Certain Fees and Other Amounts; (D) Permitting Continued Intercompany Transactions and Granting Administrative Expense Status to Postpetition Intercompany Claims; and (E) Preserving and Permitting the Exercise of Intercompany Setoff Rights (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and the Affidavit of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Thomas A. Amato (the "Affidavit") and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) cause exists, within the meaning of section 345(b) of the Bankruptcy Code, to permit the Debtors to deposit and invest funds in accordance with the Investment Guidelines; and the Court having determined that the legal and factual bases set forth in the Motion and the Affidavit and at the Hearing establish just cause for the relief granted herein;

        IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED as set forth herein.

    2.    The Debtors are authorized to: (a) maintain the Cash Management System, in substantially the same form as the Cash Management System described in the Motion, as such system may be modified pursuant to the requirements of the DIP Facility as approved by this Court; and (b) implement ordinary course changes to their Cash Management System; and (c) open and close bank accounts. The Debtors are authorized to maintain the Canada Cash Management Activities in substantially the same form as described in the Motion.

    3.    The Debtors are authorized to continue to use their Business Forms substantially in the forms existing immediately before the Petition Date. The Debtors are authorized to utilize their current business forms without reference to their status as debtors in possession, provided, however, that as soon as reasonably practicable, the Debtors shall cause the phrase "Debtor-in-Possession" to be included on their Business Forms.

4. The Debtors are authorized to deposit and invest funds in accordance with the Investment Guidelines to the extent that certain Investment Guidelines do not strictly comply in all respects with the investment guidelines expressly set forth in section 345 of the Bankruptcy Code; provided, however, that during the period after entry of the Interim Order and prior to entry of the Final Order any excess cash must remain in the Metaldyne Co. LLC Concentration Account or Lockbox Concentration Account. The Debtors banks (collectively, the "Banks") are authorized to accept and hold or invest funds, at the Debtors' direction, in accordance with the Investment Guidelines.

5. The Banks are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order(s) of this Court and governing law, whether such checks, drafts, wires or ACH transfers are dated prior to, on or subsequent to the Petition Date. The Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

6. The Banks are authorized to charge, and the Debtors are authorized to pay or honor, in their sole discretion, the Bank Fees. The Banks also are authorized to charge back returned items to the Bank Accounts in the normal course of business.

7. The Debtors are authorized, in their sole discretion, from and after the Petition Date, to continue to engage in Intercompany Transactions. All Intercompany Claims held by a Debtor or nondebtor affiliate against another Debtor arising from postpetition intercompany transactions shall, pursuant to section 503(b)(1), be accorded administrative

expense status. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced and recorded properly on applicable intercompany accounts.

8. The Debtors are authorized, in the Debtors' sole discretion, to set off mutual prepetition obligations relating to Intercompany Transactions and Payables Netting through the Cash Management System, and the Debtors are authorized, in the Debtors' sole discretion, to set off mutual postpetition obligations relating to Intercompany Transactions and Payables Netting through the Cash Management System; *provided*, *however*, that the Debtors shall not perform any setoffs with their nondebtor affiliates without the approval of the Creditors' Committee or pursuant to a further or other order of the Court. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced and recorded properly on applicable intercompany accounts.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

Dated: New York, New York
      **June 22, 2009**

                                                    **/s/Martin Glenn**
                                       UNITED STATES BANKRUPTCY JUDGE

- 4 -

CHI-1709005v2