Gary Kaplan, Esq.
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000

*Counsel for the Prepetition Term Lenders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
| | : | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| | : | |
| Metaldyne Corporation, et al., | : | Case No. 09-13412 (MG) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

------------------------------------------------------x

**CORRECTED OBJECTION OF THE PREPETITION TERM LENDERS TO THE SECOND EMERGENCY MOTION OF DEBTORS AND DEBTORS IN POSSESSION TO AMEND ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF CERTAIN ASSETS RELATED TO THE DEBTORS' POWERTRAIN GROUP, (B) APPROVING CERTAIN BIDDER PROTECTIONS AND (C) SCHEDULING A FINAL SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

OBJECTION ........................................................................................................................... 1

# TABLE OF AUTHORITIES

Page

**Cases**

In re Beth Israel Hosp. Ass'n,
    No. 06-16186, 2007 Bankr. LEXIS 2386 (Bankr. D. N.J. July 12, 2007)..............................2

In re Hupp Indus.,
    140 B.R. 191 (Bankr. N.D. Ohio 1992) ................................................................................2

**Treatise**

Collier on Bankruptcy P 3-363.02 (15 ed. rev. 2008)...................................................................2

The Prepetition Term Lenders[1] hereby submit this objection (the "Objection") to the motion (the "Motion") of the Debtors seeking modification of the Original Bidding Procedures Order[2] entered by the Court on June 25, 2009, and the Bidding Procedures to establish the HHI Purchase Agreement as the stalking horse bid for the Powertrain Assets and to approve the HHI Bidder Protections. In support hereof, the Prepetition Term Lenders state as follows:

**OBJECTION**

1. As the Court is aware, the auction process with respect to the sale of the Debtors' Powertrain Assets has been incredibly fluid. While the Debtors first sought and obtained stalking horse protections for RHJI and then for HHI, at all times, the Prepetition Term Lenders have continued to reserve their right to pursue a credit bid pursuant to Section 363(k) of the Bankruptcy Code and have endeavored to pursue such a bid if the Prepetition Term Lenders believed that a credit bid would maximize value and the Prepetition Term Lenders' recovery. The Prepetition Term Lenders have made substantial progress towards the development of a fully funded credit bid that has the overwhelming support of the Prepetition Term Lenders and are now highly confident that there will be a fully funded credit bid for the Debtors' powertrain (and possibly other) assets.

2. In that context, since the hearing on July 23, 2009, the Prepetition Term Lenders have reviewed and considered the proposal submitted by HHI and have reassessed the necessity of the stalking horse protections that are being proposed by HHI. As a result, the Prepetition

---

[1] The Prepetition Term Lenders are party to that certain Credit Agreement, dated as of January 11, 2007 (as amended, restated, supplemented or otherwise modified, and the credit facility and the security documents thereunder), between Metaldyne Intermediate Holdco, Inc., Metaldyne Company LLC, as borrowers, certain lenders (the "Prepetition Term Lenders"), JPMorgan Chase, as administrative agent, and collateral agent, Citicorp, as syndication agent, and Deutsche Bank Securities, Inc., as documentation agent.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

Term Lenders now believe that given the substantial interest in the Powertrain Assets from RHJI and HHI and the near certainty that the Prepetition Term Lenders will also submit a bid, no stalking horse bidding protections should be granted to any party. Moreover, in light of the circumstances that exist in these bankruptcy cases, awarding a break-up fee and expense reimbursement to HHI would be inappropriate as it would act merely to drain nearly $2 million from the Debtors' estates; value that would otherwise flow directly to creditors.

3. As the Prepetition Term Lenders have noted in their previous objections to the break-up fee, a break-up fee and expense reimbursement is only appropriate when it will compensate a stalking horse bidder for real value that they have added to the estate. Further, a break-up fee and expense reimbursement is only appropriate when it is necessary to create a floor for the Debtors' assets. See 3-363 Collier on Bankruptcy P 3-363.02 (15 ed. rev. 2008) (Buyer protections, such as break-up fees, are often justified because "by conducting due diligence and negotiating a form of purchase agreement, the prospective buyer has set the stage for the auction and facilitated the trustee's sale of the assets"); In re Beth Israel Hosp. Ass'n, Case No. 06-16186 (NLW), 2007 Bankr. LEXIS 2386, *34 (Bankr. D. N.J. July 12, 2007) (denying break-up fee to stalking horse bidder because the stalking horse's due diligence efforts did not produce data on which others relied, and the facts did not reveal that the stalking horse's bid acted as a "catalyst" for the second, successful bidder); In re Hupp Indus., 140 B.R. 191, 194 (Bankr. N.D. Ohio 1992) (stating that a rationale for the allowance of break-up fees "posits that without such fees, bidders would be reluctant to make an initial bid for fear that their first bid will be shopped around for a higher bid from another bidder who would capitalize on the initial bidder's (i.e., 'stalking horse's') due diligence").

4. Given the circumstances of these bankruptcy cases, affording HHI a break-up fee and expense reimbursement is not warranted. HHI began to perform its due diligence and work on the asset purchase agreement at a time when the Debtors had already granted stalking horse protections to RHJI and, therefore, HHI could have had no reasonable expectation that it would receive a break-up fee and, in fact, knew that it may have to pay a break-up fee to RHJI. Moreover, while HHI has submitted a bid for the Debtors' assets, stalking horse protections are not necessary at this point to create a floor on value. RHJI, KPS the Prepetition Term Lenders and other potential bidders now know that if they seek to bid less that $78 million for the Powertrain Assets, they will not win in the auction. There is no reason to pay HHI a break-up fee to create a floor. While the Prepetition Term Lenders appreciate the substantially improved bid from HHI, an improved bid is not itself reason to grant a break-up fee and expense reimbursement to HHI. Given the circumstances that exist in these bankruptcy cases and the active bidding by multiple parties for the Powertrain Assets, the HHI Bidder Protections and the remaining relief requested in the Motion, are unnecessary and inappropriate.

5. As a result, the Prepetition Term Lenders believe that the Debtors should proceed to an auction on August 5th, 2009, with no stalking horse and no break-up fee. This will ensure that the Debtors receive the highest value for their assets and will avoid the leakage of nearly $2 million of value to HHI. Therefore, the Prepetition Term Lenders respectfully request that the Court deny the relief sought in the Motion, including the requested break-up fee and expense reimbursement contemplated by the HHI Bidder Protections.

*[The remainder of this page has been intentionally left blank.]*

WHEREFORE, the Prepetition Term Lenders respectfully request that the Court (i) deny the Motion and (ii) provide such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 26, 2009

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

 /s/  Gary Kaplan
Gary Kaplan, Esq.
One New York Plaza
New York, New York  10004
Phone: (212) 859-8000
Fax:    (212) 859-4000

*Counsel for the Prepetition Term Lenders*