JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Richard H. Engman

 - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Heather Lennox
Ryan T. Routh

Attorneys for Debtors
 and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                               :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Metaldyne Corporation, *et al.,* | : | Case No. 09-13412 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

**NOTICE OF HEARING ON THIRD OMNIBUS MOTION OF
DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO
SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 6006, FOR AN ORDER AUTHORIZING THE REJECTION OF
<u>CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

**PLEASE TAKE NOTICE THAT:**

1.      A hearing on the Third Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases (the "Motion") shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, on **September 29, 2009 at 10:00 a.m. (Eastern Standard Time)**.

2.      Objections, if any, to the relief sought in the Motion must be made in writing, with two hard copies to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures in these cases (Docket No. 133) (the "Case Management Order") so as to be actually received by the parties on the Special Service List and such parties upon whom the Motion was required to be served pursuant to the terms of the Case Management Order not later than **4:00 p.m. (Eastern Standard Time) on September 22, 2009** (the "Objection Deadline").

3.      If no objections are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form attached to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4.      A copy of the Motion may be obtained from the Court's website at

http://ecf.nysb.uscourts.gov or, free of charge, at www.bmcgroup.com/metaldyne.

Dated:  September 9, 2009
        New York, New York                    Respectfully submitted,


                                              /s/  Ryan T. Routh
                                             Richard H. Engman
                                             JONES DAY
                                             222 East 41st Street
                                             New York, New York  10017
                                             Telephone:  (212) 326-3939
                                             Facsimile:  (212) 755-7306

                                               - and -

                                             Heather Lennox
                                             Ryan T. Routh
                                             JONES DAY
                                             North Point
                                             901 Lakeside Avenue
                                             Cleveland, Ohio  44114
                                             Telephone:  (216) 586-3939
                                             Facsimile:  (216) 579-0212

                                             ATTORNEYS FOR DEBTORS AND
                                             DEBTORS IN POSSESSION

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Richard H. Engman

- and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Heather Lennox
Ryan T. Routh

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
Metaldyne Corporation, *et al.,*                            :    Case No. 09-13412 (MG)
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**THIRD OMNIBUS MOTION OF DEBTORS AND DEBTORS**
**IN POSSESSION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER AUTHORIZING THE**
**REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

       Metaldyne Corporation and 30 of its domestic direct and indirect subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Background**

1.       On May 27, 2009 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy</u> <u>Code</u>").  By an order entered on May 29, 2009, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       On June 4, 2009, the United States Trustee appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors (Docket No. 129) (the "<u>Creditors' Committee</u>").

3.       Metaldyne Corporation ("<u>Metaldyne</u>") is a wholly-owned subsidiary of Metaldyne Holdings LLC ("<u>Metaldyne Holdings</u>"), which, in turn, is a wholly-owned subsidiary of Asahi Tec Corporation ("<u>Asahi Tec</u>"), a Japanese corporation.  RHJ International S.A. ("<u>RHJI</u>"), a corporation formed under the laws of Belgium and listed on the Euronext exchange, presently holds approximately 60.1% of the outstanding capital stock of Asahi Tec.  Debtor MD Products Corp. ("<u>MD Products</u>") is a New York corporation.  Metaldyne is the direct or indirect parent of MD Products, each of the other Debtors and each of the Debtors' nondebtor subsidiaries (collectively, the "<u>Metaldyne Companies</u>").

4.       The Metaldyne Companies are leading global manufacturers of highly engineered metal components for the global light vehicle market, are market leaders for many of the products they sell and are among the 50 largest auto parts suppliers in North America.  The Metaldyne Companies operate through two business units, the Powertrain segment and the Chassis segment.  The Metaldyne Companies' products are used in cars, vans, sport-utility

vehicles, light trucks, heavy trucks and other vehicles.  The Metaldyne companies provide content for the majority of the light vehicles manufactured in North America.

5.      Prior to the Petition Date, after exploring a number of restructuring alternatives, the Debtors received interest from various parties in a purchase of certain of the assets of their Chassis segment and interest from other parties in a purchase of the majority of the assets of their Powertrain segment.  Shortly after the Petition Date, the Debtors filed motions (Docket Nos. 214 and 323) to sell their powertrain and chassis assets and to establish an auction process or processes and bid procedures to consummate these sales and began the process of marketing their Balance Shaft Modules and Tubular business units for sale (collectively, the "Sale Processes").  The Sale Processes generated substantial interest in the Debtors' assets throughout June and July of 2009 and, ultimately, more than 10 parties submitted indications of interest and proposed asset purchase agreements for one or more of the Debtors' business units.

6.      On August 5, 2009 and August 6, 2009, the Debtors held an auction (the "Auction"), pursuant to which MD Investors Corporation ("MD Investors") presented a bid for the assets, which included a cash component, a credit bid component and other consideration. On August 12, 2009, the Court entered an order (Docket No. 674) (the "Sale Order") authorizing the sale to MD Investors (the "MD Investors Transaction") of substantially all of the Debtors' assets free and clear of all liens, claims, interests and encumbrances.

7.      For the fiscal year ended March 29, 2009, the Metaldyne Companies recorded annual revenue of approximately $1.32 billion, of which approximately $782 million was from sales of the Debtors.  As of March 29, 2009, utilizing book values, the Metaldyne Companies had assets of approximately $977 million and liabilities of approximately

$927 million.  As of the Petition Date, the Metaldyne Companies have approximately 4,450 employees, of which approximately 2,500 are employees of the Debtors.

## Jurisdiction

8.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9.     Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order authorizing them to reject the executory contracts and unexpired leases identified on Exhibit 1 attached hereto and incorporated herein by reference (collectively, the "Agreements"),[1] effective as of the applicable date listed in Exhibit 1 for each Agreement (the "Rejection Effective Date").[2]

## Facts Relevant to This Motion

10.     Since the Petition Date, the Debtors have engaged in an ongoing review of their executory contracts and unexpired leases to identify those contracts and leases that:  (a) in the Debtors' business judgment, are not necessary to their ongoing business operations or restructuring efforts and (b) in many cases, are contracts and leases that MD Investors has

---

[1]     Each Agreement includes any modifications, amendments, addenda or supplements thereto or restatements thereof.

[2]     For each Agreement on Exhibit 1, the following information is included:  (a) a description of the contract or lease;  (b) the name and address of the nondebtor counterparty to the Agreement (collectively, the "Contracting Parties"); (c) the name of the Debtor that is a party to the Agreement; (d) the contractual payments or monthly rent (if applicable); (e) the term of the Agreement; and (f) the Rejection Effective Date.  Copies of the Agreements are not attached hereto, but are available upon request to the Debtors' counsel.  The terms of the Agreements included in Exhibit 1 are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of any Agreement.

indicated it does not desire to have assigned to them in the MD Investors Transaction. As a result of their review to date, the Debtors have determined that the Agreements identified on Exhibit 1 are leases that are not necessary to their ongoing business operations or restructuring efforts or are contracts that are above-market or are no longer profitable or simply unnecessary to the continued operation of the business. Moreover, to the extent applicable, the Debtors have surrendered, or will surrender by the applicable Rejection Effective Date, possession of any property leased under the Agreements to the Contracting Party.

11.     Each of the Agreements potentially could be asserted by the counterparty to be an "executory contract" or "unexpired lease" within the meaning of section 365 of the Bankruptcy Code.[3] To the extent that any Agreement already has expired or been terminated (or its termination has been alleged), it is included herein out of an abundance of caution.

## Argument

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones

---

[3]        To the extent that an Agreement may not be executory, the Debtors have included it on Exhibit 1 out of an abundance of caution.

it would be beneficial to reject."); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

13.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See In re Balco Equities Ltd., Inc., 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("A court 'should defer to a debtor's decision that rejection of a contract would be advantageous.'") (citing In re Sundial Asphalt Co., 147 B.R. 72, 84 (E.D.N.Y. 1992)); In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to a debtor's decision whether to reject an executory contract."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. See, e.g., Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one . . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores,

Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

14.     Because the Agreements are not necessary to the Debtors' ongoing business operations or restructuring efforts or are unprofitable, the Debtors' ongoing obligations under the Agreements impose an undue burden on their estates.  The Debtors believe that maintaining the Agreements under these circumstances would unnecessarily deplete the assets of the Debtors' estates to the direct detriment of their creditors.  Moreover, because the leases or contracts were entered into at or above market rates, the Debtors believe that the Agreements do not have any realizable value in the marketplace.  Finally, where the Agreements relate to a property involved in the MD Investors Transaction, the Debtors have or will soon confirm with MD Investors that it will not desire to have the Agreements assigned to it.  Accordingly, in the sound exercise of their business judgment, the Debtors have determined that the rejection of the Agreements, pursuant to section 365 of the Bankruptcy Code, effective as of the Rejection Effective Date for each Agreement, is in the best interests of their estates.

## Notice

15.     Pursuant to the Administrative Order, Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, Establishing Case Management and Scheduling Procedures (Docket No. 133) (the "Case Management Order"), entered on June 5, 2009, notice of this Motion has been given to (a) the parties identified on the Special Service List and the General Service List (as such terms are defined in the Case Management Order) and (b) the Contracting Parties.  The Debtors submit that no other or further notice need be provided.

## **No Prior Request**

16.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit 2</u>, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: September 9, 2009
      New York, New York

                                       Respectfully submitted,

                                       _/s/ Ryan T. Routh_____
                                       Richard H. Engman
                                       JONES DAY
                                       222 East 41st Street
                                       New York, New York  10017
                                       Telephone:  (212) 326-3939
                                       Facsimile:  (212) 755-7306

                                       - and -

                                       Heather Lennox
                                       Ryan T. Routh
                                       JONES DAY
                                       North Point
                                       901 Lakeside Avenue
                                       Cleveland, Ohio  44114
                                       Telephone:  (216) 586-3939
                                       Facsimile:  (216) 579-0212

                                       ATTORNEYS FOR DEBTORS AND
                                       DEBTORS IN POSSESSION

**<u>EXHIBIT 1</u>**

**Certain Executory Contracts and Unexpired Leases to be Rejected**

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Payment or Monthly Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Lease of property located at: 12955 Inkster Road Livonia, Michigan Dated January 23, 2002 | Sprint SPE Portfolio 2005-1, LLC 14631 North Scottsdale Road, Suite 200 Scottsdale, Arizona 85254-2711 Attn: Ms. Cathy Philips<br><br>Jeffrey T. Wegner Kutak Rock LLP 1650 Farnam Street Omaha, NE 68102<br><br>Leslie A. Berkoff Morritt, Hock, Hamroff & Horowitz LLP 400 Garden City Plaza Garden City, NY 11530 | Metaldyne Company LLC | $174,013.00/year base rent as adjusted per the lease agreement | January 30, 2022 | September 30, 2009 |
| Sublease by Metaldyne Company LLC to Fitting Products Co., LLC of property located at: 12955 Inkster Road Livonia, Michigan Dated May 9, 2003 | Fitting Products Co., LLC 39400 Woodward Avenue, Suite 130 Bloomfield Hills, MI 48304 | Metaldyne Company LLC | None paid by Metaldyne | January 30, 2022 | September 30, 2009 |

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Payment or Monthly Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Lease of property located at: 10769 Plaza Drive Green Oak, Michigan Dated January 23, 2002 | Sprint SPE Portfolio 2005-1, LLC 14631 North Scottsdale Road, Suite 200 Scottsdale, Arizona 85254-2711 Attn: Ms. Cathy Philips<br><br>Jeffrey T. Wegner Kutak Rock LLP 1650 Farnam Street Omaha, NE 68102<br><br>Leslie A. Berkoff Morritt, Hock, Hamroff & Horowitz LLP 400 Garden City Plaza Garden City, NY 11530 | Metaldyne Tubular Products, Inc. | $139,170.00/year base rent as adjusted per the lease agreement | January 30, 2022 | September 30, 2009 |
| Natural Gas Sales Confirmation Exhibit A WAL3704r Dated April 9, 2009 Delivery Point: Vectren Energy North City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – New Castle | October 2009 – $4.5341/MMBTU November 2009 – $5.1341/MMBTU | November 30, 2009 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A GJG3181r Dated April 9, 2009 Delivery Point: Northern Indiana Fuel & Light City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – Fremont | November 2009 – $5.2150/MMBTU | November 30, 2009 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A MLD4734-102890 Dated April 7, 2009 Delivery Point: NICOR City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – Niles | October 2009 – $4.1950/MMBTU | October 31, 2009 | September 29, 2009 |

CLI-1742545v3

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Payment or Monthly Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Natural Gas Sales Confirmation Exhibit A WAL3725 Dated April 27, 2009 Delivery Point: Vectren Energy North City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – New Castle | December 2009 – $5.5841/MMBTU | December 31, 2009 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A GJG3197 Dated April 27, 2009 Delivery Point: Northern Indiana Fuel & Light City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – Fremont | December 2009 – $5.6650/MMBTU | December 31, 2009 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A GJG2992-92760 Dated October 22, 2008 Delivery Point: Northern Indiana Fuel & Light City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – Fremont | NYMEX LD + $0.4150/MMBTU | March 31, 2010 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A WAL3531-92649 Dated October 20, 2008 Delivery Point: Vectren Energy North City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – New Castle | NYMEX LD + $0.3341/MMBTU | March 31, 2010 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A MH3594 Dated October 23, 2008 Delivery Point: Vectren Energy North City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – New Castle | September 2009 - $7.6341/MMBTU October 2009 - $7.6841/MMBTU | October 31, 2009 | September 29, 2009 |

CLI-1742545v3

# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
Metaldyne Corporation, *et al.,*          :    Case No. 09-13412 (MG)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
-----------------------------------------------------------x
```

## THIRD ORDER AUTHORIZING THE REJECTION
## OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

This matter coming before the Court on the Third Omnibus Motion of Debtors

and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy

Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts and

Unexpired Leases (the "Motion"),[1] filed by the debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and

having considered the statements of counsel before the Court (the "Hearing"); and the Court

having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and

the Hearing was sufficient under the circumstances, and (d) a sound business purpose exists for

the relief granted herein; and the Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2. The Debtors are authorized to reject the Agreements[2] identified on the attached Exhibit 1, which are incorporated herein by reference, and the Agreements are deemed rejected, pursuant to section 365 of the Bankruptcy Code, effective as of the Rejection Effective Date identified for each Agreement identified on Exhibit 1.

3. Consistent with the terms and conditions of the bar date order previously entered by the Court, any lessor under, or contract party to, a rejected Agreement may file, within 30 days of the entry of this Order, a proof of claim for any damages resulting from the rejection of an Agreement (a "Rejection Damages Claim").

4. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Order.

Dated: New York, New York
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2] Each Agreement includes any modifications, amendments, addenda or supplements thereto or restatements thereof. The terms of the Agreements included in Exhibit 1 are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of or a Court determination regarding, the terms of any Agreement.

# EXHIBIT 1

## Certain Executory Contracts and Unexpired Leases to be Rejected

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Payment or Monthly Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Lease of property located at: 12955 Inkster Road Livonia, Michigan Dated January 23, 2002 | Sprint SPE Portfolio 2005-1, LLC 14631 North Scottsdale Road, Suite 200 Scottsdale, Arizona 85254-2711 Attn: Ms. Cathy Philips<br><br>Jeffrey T. Wegner Kutak Rock LLP 1650 Farnam Street Omaha, NE 68102<br><br>Leslie A. Berkoff Morritt, Hock, Hamroff & Horowitz LLP 400 Garden City Plaza Garden City, NY 11530 | Metaldyne Company LLC | $174,013.00/year base rent as adjusted per the lease agreement | January 30, 2022 | September 30, 2009 |
| Sublease by Metaldyne Company LLC to Fitting Products Co., LLC of property located at: 12955 Inkster Road Livonia, Michigan Dated May 9, 2003 | Fitting Products Co., LLC 39400 Woodward Avenue, Suite 130 Bloomfield Hills, MI 48304 | Metaldyne Company LLC | None paid by Metaldyne | January 30, 2022 | September 30, 2009 |

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Payment or Monthly Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Lease of property located at: 10769 Plaza Drive Green Oak, Michigan Dated January 23, 2002 | Sprint SPE Portfolio 2005-1, LLC 14631 North Scottsdale Road, Suite 200 Scottsdale, Arizona 85254-2711 Attn: Ms. Cathy Philips<br><br>Jeffrey T. Wegner Kutak Rock LLP 1650 Farnam Street Omaha, NE 68102<br><br>Leslie A. Berkoff Morritt, Hock, Hamroff & Horowitz LLP 400 Garden City Plaza Garden City, NY 11530 | Metaldyne Tubular Products, Inc. | $139,170.00/year base rent as adjusted per the lease agreement | January 30, 2022 | September 30, 2009 |
| Natural Gas Sales Confirmation Exhibit A WAL3704r Dated April 9, 2009 Delivery Point: Vectren Energy North City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – New Castle | October 2009 – $4.5341/MMBTU November 2009 – $5.1341/MMBTU | November 30, 2009 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A GJG3181r Dated April 9, 2009 Delivery Point: Northern Indiana Fuel & Light City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – Fremont | November 2009 – $5.2150/MMBTU | November 30, 2009 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A MLD4734-102890 Dated April 7, 2009 Delivery Point: NICOR City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – Niles | October 2009 – $4.1950/MMBTU | October 31, 2009 | September 29, 2009 |

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Payment or Monthly Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Natural Gas Sales Confirmation Exhibit A WAL3725 Dated April 27, 2009 Delivery Point: Vectren Energy North City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – New Castle | December 2009 – $5.5841/MMBTU | December 31, 2009 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A GJG3197 Dated April 27, 2009 Delivery Point:  Northern Indiana Fuel & Light City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – Fremont | December 2009 – $5.6650/MMBTU | December 31, 2009 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A GJG2992-92760 Dated October 22, 2008 Delivery Point:  Northern Indiana Fuel & Light City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – Fremont | NYMEX LD + $0.4150/MMBTU | March 31, 2010 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A WAL3531-92649 Dated October 20, 2008 Delivery Point:  Vectren Energy North City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – New Castle | NYMEX LD + $0.3341/MMBTU | March 31, 2010 | September 29, 2009 |
| Natural Gas Sales Confirmation Exhibit A MH3594 Dated October 23, 2008 Delivery Point:  Vectren Energy North City Gate | EnergyUSA – TPC Corp. 1500 165th Street CISC Building Hammond, IN 46324 | Metaldyne Corporation – New Castle | September 2009 - $7.6341/MMBTU October 2009 - $7.6841/MMBTU | October 31, 2009 | September 29, 2009 |