JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Richard H. Engman

 - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Heather Lennox
Ryan T. Routh

Attorneys for Debtors
 and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                           :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Metaldyne Corporation, *et al.,* | : | Case No. 09-13412 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

**NOTICE OF HEARING ON FOURTH OMNIBUS MOTION OF
DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO
SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 6006, FOR AN ORDER AUTHORIZING THE REJECTION OF
<u>CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

**ALL PARTIES RECEIVING A PAPER COPY OF THE MOTION SHOULD LOCATE
THEIR NAMES AND THE CONTRACT OR LEASE TO WHICH THEY ARE A PARTY
ON EXHIBIT 1 THERETO.**

**PLEASE TAKE NOTICE THAT:**

1.      A hearing on the Fourth Omnibus Motion of Debtors and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases (the "Motion") shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, on **October 29, 2009 at 10:00 a.m. (Eastern Standard Time)**.

2.      Objections, if any, to the relief sought in the Motion must be made in writing, with two hard copies to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures in these cases (Docket No. 133) (the "Case Management Order") so as to be actually received by the parties on the Special Service List and such parties upon whom the Motion was required to be served pursuant to the terms of the Case Management Order not later than **4:00 p.m. (Eastern Standard Time) on October 22, 2009** (the "Objection Deadline").

3.      If no objections are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form attached to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

4. A copy of the Motion may be obtained from the Court's website at

http://ecf.nysb.uscourts.gov or, free of charge, at www.bmcgroup.com/metaldyne.

Dated: September 29, 2009
New York, New York

Respectfully submitted,

_/s/ Ryan T. Routh_____
Richard H. Engman
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

- and -

Heather Lennox
Ryan T. Routh
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Richard H. Engman

 - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Heather Lennox
Ryan T. Routh

Attorneys for Debtors
  and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
Metaldyne Corporation, *et al.,*                            :    Case No. 09-13412 (MG)
                                                            :
                                    Debtors.                :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**FOURTH OMNIBUS MOTION OF DEBTORS AND DEBTORS**
**IN POSSESSION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 6006, FOR AN ORDER AUTHORIZING THE**
**<u>REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

**ALL PARTIES RECEIVING A PAPER COPY OF THIS MOTION SHOULD LOCATE**
**THEIR NAMES AND THE CONTRACT OR LEASE TO WHICH THEY ARE A PARTY**
**ON EXHIBIT 1 HERETO.**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Metaldyne Corporation and 30 of its domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

## Background

1.      On May 27, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  By an order entered on May 29, 2009, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On June 4, 2009, the United States Trustee appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors (Docket No. 129) (the "Creditors' Committee").

3.      Metaldyne Corporation ("Metaldyne") is a wholly-owned subsidiary of Metaldyne Holdings LLC ("Metaldyne Holdings"), which, in turn, is a wholly-owned subsidiary of Asahi Tec Corporation ("Asahi Tec"), a Japanese corporation.  RHJ International S.A. ("RHJI"), a corporation formed under the laws of Belgium and listed on the Euronext exchange, presently holds approximately 60.1% of the outstanding capital stock of Asahi Tec.  Debtor MD Products Corp. ("MD Products") is a New York corporation.  Metaldyne is the direct or indirect parent of MD Products, each of the other Debtors and each of the Debtors' nondebtor subsidiaries (collectively, the "Metaldyne Companies").

4.      The Metaldyne Companies are leading global manufacturers of highly engineered metal components for the global light vehicle market, are market leaders for many of

the products they sell and are among the 50 largest auto parts suppliers in North America.  The Metaldyne Companies operate through two business units, the Powertrain segment and the Chassis segment.  The Metaldyne Companies' products are used in cars, vans, sport-utility vehicles, light trucks, heavy trucks and other vehicles.  The Metaldyne companies provide content for the majority of the light vehicles manufactured in North America.

5.      Prior to the Petition Date, after exploring a number of restructuring alternatives, the Debtors received interest from various parties in a purchase of certain of the assets of their Chassis segment and interest from other parties in a purchase of the majority of the assets of their Powertrain segment.  Shortly after the Petition Date, the Debtors filed motions (Docket Nos. 214 and 323) to sell their powertrain and chassis assets and to establish an auction process or processes and bid procedures to consummate these sales and began the process of marketing their Balance Shaft Modules and Tubular business units for sale (collectively, the "Sale Processes").  The Sale Processes generated substantial interest in the Debtors' assets throughout June and July of 2009 and, ultimately, more than 10 parties submitted indications of interest and proposed asset purchase agreements for one or more of the Debtors' business units.

6.      On August 5, 2009 and August 6, 2009, the Debtors held an auction (the "Auction"), pursuant to which MD Investors Corporation ("MD Investors") presented a bid for the assets, which included a cash component, a credit bid component and other consideration. On August 12, 2009, the Court entered an order (Docket No. 674) (the "Sale Order") authorizing the sale to MD Investors (the "MD Investors Transaction") of substantially all of the Debtors' assets free and clear of all liens, claims, interests and encumbrances.

7.      For the fiscal year ended March 29, 2009, the Metaldyne Companies recorded annual revenue of approximately $1.32 billion, of which approximately $782 million

was from sales of the Debtors.  As of March 29, 2009, utilizing book values, the Metaldyne Companies had assets of approximately $977 million and liabilities of approximately $927 million.  As of the Petition Date, the Metaldyne Companies have approximately 4,450 employees, of which approximately 2,500 are employees of the Debtors.

## Jurisdiction

8.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9.      Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order authorizing them to reject the unexpired leases identified on Exhibit 1 attached hereto and incorporated herein by reference (collectively, the "Agreements"),[1] effective as of the applicable date listed in Exhibit 1 for each Agreement (the "Rejection Effective Date").[2]

## Facts Relevant to This Motion

10.     Since the Petition Date, the Debtors have engaged in an ongoing review of their executory contracts and unexpired leases to identify those contracts and leases that:  (a) in

---

[1]      Each Agreement includes any modifications, amendments, addenda or supplements thereto or restatements thereof.

[2]      For each Agreement on Exhibit 1, the following information is included:  (a) a description of the contract or lease; (b) the name and address of the nondebtor counterparty to the Agreement (collectively, the "Contracting Parties"); (c) the name of the Debtor that is a party to the Agreement; (d) the contractual payments or monthly rent (if applicable); (e) the term of the Agreement; and (f) the Rejection Effective Date.  The Agreements are listed alphabetically by Contracting Party.  Copies of the Agreements are not attached hereto, but are available upon request to the Debtors' counsel.  The terms of the Agreements included in Exhibit 1 are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of, the terms of any Agreement.

the Debtors' business judgment, are not necessary to their ongoing business operations or restructuring efforts and (b) in many cases, are contracts and leases that MD Investors has indicated it does not desire to have assigned to them in the MD Investors Transaction. As a result of their review to date, the Debtors have determined that the Agreements identified on Exhibit 1 are equipment leases that are not necessary to the Debtors' or MD Investors' ongoing business operations. Moreover, to the extent applicable, the Debtors have surrendered, or will surrender by the applicable Rejection Effective Date, possession of any property leased under the Agreements to the Contracting Party.

11.     Each of the Agreements is an "unexpired lease" within the meaning of section 365 of the Bankruptcy Code.[3] To the extent that any Agreement already has expired or been terminated (or its termination has been alleged), it is included herein out of an abundance of caution.

## Argument

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory

---

[3]     To the extent that an Agreement may not be an unexpired lease, the Debtors have included it on Exhibit 1 out of an abundance of caution.

contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); In re Gucci, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

13.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See In re Balco Equities Ltd., Inc., 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("A court 'should defer to a debtor's decision that rejection of a contract would be advantageous.'") (citing In re Sundial Asphalt Co., 147 B.R. 72, 84 (E.D.N.Y. 1992)); In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . .  Courts should generally defer to a debtor's decision whether to reject an executory contract.").  The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.  See, e.g., Bregman v. Meehan (In re Meehan), 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business judgment test is a flexible one . . . . The primary issue under the business judgment test is whether rejection of the contract would benefit general unsecured creditors."); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will

benefit the estate."); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

14.     Because the Agreements are not necessary to the Debtors' ongoing business operations, the Debtors' ongoing obligations under the Agreements impose an undue burden on their estates.  The Debtors believe that maintaining the Agreements under these circumstances would unnecessarily deplete the assets of the Debtors' estates to the direct detriment of their creditors.  Moreover, because the leases were entered into at or above market rates and for equipment with specified uses, the Debtors believe that the Agreements do not have any realizable value in the marketplace.  Finally, where the Agreements relate to a property involved in the MD Investors Transaction, the Debtors have or will soon confirm with MD Investors that it will not desire to have the Agreements assigned to it.  Accordingly, in the sound exercise of their business judgment, the Debtors have determined that the rejection of the Agreements, pursuant to section 365 of the Bankruptcy Code, effective as of the Rejection Effective Date for each Agreement, is in the best interests of their estates.

15.     This Court may order the retroactive rejection of that certain equipment lease with General Electric Capital Corporation ("GECC") listed on Exhibit 1 (the "GECC Lease").  In general, courts in this and other districts have held that bankruptcy courts have the authority to order the retroactive rejection of lease agreements.  See BP Energy Co. v. Bethlehem Steel Corp., Case No. 02 Civ. 6419, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) (approving the retroactive rejection date of an unexpired lease); In re Jamesway Corp., 179 B.R.

33, 38 (S.D.N.Y. 1995) (bankruptcy court could select "a retroactive date for the effective date of rejection" of a lease); Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.), 67 F.3d 1021, 1028-29 (1st Cir. 1995) (holding that bankruptcy courts have the authority to order the retroactive rejection of a lease back to the motion filing date); In re Joseph C. Spiess Co., 145 B.R. 597, 606 (N.D. Ill. 1992) (holding that rejection of a lease was effective when landlord received notice of debtor's intent to reject); In re 1 Potato 2, Inc., 58 B.R. 752, 754-55 (Bankr. D. Minn. 1986) (holding that rejection may be effective on date that the debtor clearly communicates its intention to reject to the lessor).

16.     The retroactive rejection of a lease agreement is appropriate when "the principles of equity so dictate," and courts have considered, among other equitable factors, the return of the leased property, unequivocal notice of the debtor's intent to reject the lease, excess payments that a debtor would be required to make absent a retroactive rejection effective date and whether the debtor received any benefits from the lease after the proposed retroactive rejection effective date.  See Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d 602, 608-09 (2d Cir. 2007) (affirming the retroactive rejection effective date approved by the bankruptcy and district courts where, among other factors, the debtor had abandoned the leased property to the lessor);[4] BP Energy Co. v. Bethlehem Steel Corp., 2002 WL 31548723, at *6 (considering the costs and benefits to the debtor and advance notice to the lessor when approving a retroactive rejection effective date).

---

[4]     In Adelphia Bus. Solutions, the Second Circuit declined to decide whether or not a bankruptcy court has the authority to order a retroactive rejection effective date because the issue was never raised by the appellant in the lower courts.  Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d at 606-07.  The Second Circuit, however, assuming the existence of such authority, approved the bankruptcy court's decision to order a retroactive rejection effective date under the circumstances of the case.

17.     For the GECC Lease, the Debtors have informed GECC of their intent to reject the lease as of September 30, 2009 on the date of filing this Motion.  In addition, the Debtor's have ceased using the equipment under the GECC Lease and have informed GECC that the equipment is available for immediate pick-up.  Finally, the requested rejection effective date coincides with the quarterly payment period under the GECC Lease.  Should the Court fail to approve the retroactive effective rejection date, the Debtors will be liable for additional payments under the terms of the GECC Lease.  For these reasons, the rejection of the GECC Lease as of September 30, 2009 is appropriate and should be approved by this Court.

## Notice

18.     Pursuant to the Administrative Order, Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, Establishing Case Management and Scheduling Procedures (Docket No. 133) (the "Case Management Order"), entered on June 5, 2009, notice of this Motion has been given to (a) the parties identified on the Special Service List and the General Service List (as such terms are defined in the Case Management Order) and (b) the Contracting Parties.  Notice has also been given in compliance with Rule 6006 of the Federal Rules of Bankruptcy Procedure.  The Debtors submit that no other or further notice need be provided.

## No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit 2</u>, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated:  September 29, 2009
       New York, New York

Respectfully submitted,

 /s/  Ryan T. Routh
Richard H. Engman
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

 - and -

Heather Lennox
Ryan T. Routh
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**EXHIBIT 1**

**Certain Executory Contracts and Unexpired Leases to be Rejected**

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Periodic Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Schedule No. 1, dated December 30, 2004 to the Master Lease Agreement dated as of December 30, 2004 | General Electric Capital Corporation<br>401 Merritt Seven, Suite 23<br>Norwalk, Connecticut 06851<br>C/o:  Joseph Catarina,<br>Joseph.catarina@ge.com<br>Bob Goode; Robert.Goode2@ge.com<br>Bob Sember, Robert.Sember@ge.com<br><br>Carey D. Schreiber<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br><br>Brian I. Swett<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>bswett@winston.com<br><br>Justin E. Rawlins<br>Winston & Strawn LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>jrawlins@winston.com | Metaldyne Company, LLC | $81,176.00 (quarterly) | May 30, 2012 | September 30, 2009[1] |

---

[1] GECC has been notified of the Debtors' intent to reject this lease as of September 30, 2009 and has been told that the equipment is available for immediate pick-up.

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Periodic Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Equipment Lease for equipment located in Metaldyne's Iztapalapa, Mexico facility Schedule #005 to Master Lease #592 Dated February 5, 2008 | LaSalle Systems Leasing, Inc. 6111 North River Road Rosemont, IL 60018<br><br>Lou Montgomery 350 North Old Woodward Avenue, Suite 200 Birmingham, MI 48009 lmontgomery@elasalle.com | Metaldyne Company, LLC | $38,052.00 (monthly) | March 31, 2011 | October 31, 2009 |
| Lease of Scan/Copy/Print Machine – Gestetner Gdsm660sp Dated January 30, 2006 | Marlin Leasing NorthEastern Division 300 Fellowship Road Mount Laurel NJ 08054 | Metaldyne | $295.00 (monthly) | January 30, 2011 | October 29, 2009 |

CLI-1747484v4

# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                                                    :     Chapter 11
:
Metaldyne Corporation, *et al.,*                      :     Case No. 09-13412 (MG)
:
                 Debtors.        :     (Jointly Administered)
:
-------------------------------------------------------------x


## FOURTH ORDER AUTHORIZING THE REJECTION
## OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

        This matter coming before the Court on the Fourth Omnibus Motion of Debtors

and Debtors in Possession, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy

Rule 6006, for an Order Authorizing the Rejection of Certain Executory Contracts and

Unexpired Leases (the "Motion"),[1] filed by the debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and

having considered the statements of counsel before the Court (the "Hearing"); and the Court

having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and

the Hearing was sufficient under the circumstances, and (d) a sound business purpose exists for

the relief granted herein; and the Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein;

        IT IS HEREBY ORDERED THAT:

        1.      The Motion is GRANTED as set forth herein.

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2.        The Debtors are authorized to reject the Agreements[2] identified on the attached Exhibit 1, which are incorporated herein by reference, and the Agreements are deemed rejected, pursuant to section 365 of the Bankruptcy Code, effective as of the Rejection Effective Date identified for each Agreement identified on Exhibit 1.

3.        Consistent with the terms and conditions of the bar date order previously entered by the Court, any lessor under, or contract party to, a rejected Agreement may file, within 30 days of the entry of this Order, a proof of claim for any damages resulting from the rejection of an Agreement (a "Rejection Damages Claim").

4.        This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Order.

Dated: New York, New York
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2]        Each Agreement includes any modifications, amendments, addenda or supplements thereto or restatements thereof.  The terms of the Agreements included in Exhibit 1 are provided for convenience only and are not intended to modify, or to represent the Debtors' interpretation of or a Court determination regarding, the terms of any Agreement.

# EXHIBIT 1

**Certain Executory Contracts and Unexpired Leases to be Rejected**

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Periodic Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Schedule No. 1, dated December 30, 2004 to the Master Lease Agreement dated as of December 30, 2004 | General Electric Capital Corporation<br>401 Merritt Seven, Suite 23<br>Norwalk, Connecticut 06851<br>C/o:  Joseph Catarina,<br>Joseph.catarina@ge.com<br>Bob Goode; Robert.Goode2@ge.com<br>Bob Sember, Robert.Sember@ge.com<br><br>Carey D. Schreiber<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br><br>Brian I. Swett<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>bswett@winston.com<br><br>Justin E. Rawlins<br>Winston & Strawn LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>jrawlins@winston.com | Metaldyne Company, LLC | $81,176.00 (quarterly) | May 30, 2012 | September 30, 2009[1] |

---

[1] GECC has been notified of the Debtors' intent to reject this lease as of September 30, 2009 and has been told that the equipment is available for immediate pick-up.

| Description of Agreements | Contracting Parties Name and Address | Debtor Party to Agreement | Periodic Rent | Expiration of Agreement | Rejection Effective Date |
|---|---|---|---|---|---|
| Equipment Lease for equipment located in Metaldyne's Iztapalapa, Mexico facility Schedule #005 to Master Lease #592 Dated February 5, 2008 | LaSalle Systems Leasing, Inc. 6111 North River Road Rosemont, IL 60018<br><br>Lou Montgomery 350 North Old Woodward Avenue, Suite 200 Birmingham, MI 48009 lmontgomery@elasalle.com | Metaldyne Company, LLC | $38,052.00 (monthly) | March 31, 2011 | October 31, 2009 |
| Lease of Scan/Copy/Print Machine – Gestetner Gdsm660sp Dated January 30, 2006 | Marlin Leasing NorthEastern Division 300 Fellowship Road Mount Laurel NJ 08054 | Metaldyne | $295.00 (monthly) | January 30, 2011 | October 29, 2009 |