UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       : Chapter 11
                                                            :
Oldco M Corporation                                         : Case No. 09-13412 (MG)
(f/k/a Metaldyne Corporation), *et al.,*                    :
                                                            : (Jointly Administered)
                                    Debtors.                :
                                                            :
------------------------------------------------------------x

**NOTICE OF ENTRY OF ORDER
CONFIRMING AND EFFECTIVE DATE OF THE SECOND AMENDED
JOINT PLAN OF LIQUIDATION OF DEBTORS AND DEBTORS IN POSSESSION**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.  **Confirmation of the Plan.**

On February 23, 2010, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (Docket No. 1384) (the "Confirmation Order") confirming the Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession, dated January 11, 2010 (Docket No. 1194) (as it may have been amended, supplemented or modified, the "Plan"), in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order.

2.  **Occurrence of Effective Date.**

The Effective Date of the Plan occurred on March 30, 2010, and, effective as of this date, the Debtors (a) have transferred all assets and liabilities remaining in their Estates to the Distribution Trust and (b) have taken or are taking such actions as may be necessary or appropriate to merge, dissolve or otherwise terminate the corporate existence of the Debtors.

3.  **Distribution Trust and Appointment of Trustee.**

The Distribution Trust has been established pursuant to the Plan and a Distribution Trust Agreement for the purpose of liquidating the assets contributed by the Debtors to the Distribution Trust, resolving all Disputed Claims, pursuing any Recovery Actions, making all distributions to holders of Allowed Claims in accordance with the terms of the Plan and otherwise implementing the Plan and administering the Debtors' Estates. The Distribution Trust's primary purpose is liquidating the assets transferred to it by the Debtors, with no objective to continue or engage in the conduct of a trade or business except to the extent consistent with the trust's liquidating purpose and reasonably necessary to conserve and protect such assets and provide for the orderly liquidation thereof. Executive Sounding Board Associates, Inc. has been appointed trustee for the Distribution Trust.

4.  **Comprehensive Settlement of Claims and Controversies.**

Pursuant to Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan, including the releases set forth in section III.G.3 of the Plan,

constituted a good faith compromise and settlement of all claims or controversies relating to the rights that a holder of a Claim or Interest had with respect to any Allowed Claim or Allowed Interest or any distribution to be made pursuant to the Plan on account of any Allowed Claim or Allowed Interest.  The entry of the Confirmation Order constituted the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that such compromise or settlement was in the best interests of the Debtors, their Estates and their respective property and Claim and Interest holders and was fair, equitable and reasonable.

     **5.**     **Releases and Injunction.**

     a.     <u>General Releases by Debtors</u>.  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, the Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all entities who may purport to claim by, through, for or because of them forever released, waived and discharged all Liabilities (including Derivative Claims) that they had or may have had against any Released Party, the 2012 Indenture Trustee and its Representatives (in their capacities as such) and the 2013 Indenture Trustee and its Representatives (in their capacities as such), except with respect to any obligations arising under the Plan; provided, however, that the foregoing provisions do not affect the liability of any Person that otherwise would result from any act or omission to the extent that the act or omission is determined in a Final Order to have constituted intentional misconduct.  Any such released Liabilities were not transferred to the Distribution Trust.

     b.     <u>General Releases by Holders of Claims or Interests</u>.  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the consideration provided under the Plan, each holder of a Claim or Interest that had voted in favor of the Plan, to the fullest extent permissible under law, forever released, waived and discharged all Liabilities in any way relating to a Debtor, the Chapter 11 Cases, the Estates, the Plan, the exhibits to the Plan or the Disclosure Statement that such entity had or may have had against any Released Party; provided, however, that the foregoing provisions do not affect the liability of any Person that otherwise would result from any act or omission to the extent that the act or omission is determined in a Final Order to have constituted intentional misconduct.

     c.     <u>Injunction Related to Releases</u>.  The Confirmation Order enjoined the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, liabilities, rights of contribution or rights of indemnification released pursuant to the Plan, including pursuant to the releases in section III.G.3 of the Plan.

     **6.**     **Exculpation.**

As of the Effective Date, the Released Parties and the 2012 Indenture Trustee and its Representatives (in their capacities as such) and the 2013 Indenture Trustee and its Representatives (in their capacities as such) shall neither have nor incur any liability to any Person for any act taken or omitted, or to be taken, in connection with the sale of the majority of the Debtors' assets to MD Investors or the Debtors' other postpetition liquidation activity, including the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan, the exhibits to the Plan, the Disclosure Statement, the Distribution Trust Agreement or any other contract, instrument, release or other agreement or document provided in connection therewith; provided, however, that the foregoing provisions did not affect the liability of any Person that otherwise would result from any such act or omission to the extent that the act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct.

     **7.**     **Rejection of Executory Contracts and Unexpired Leases Not Previously Approved.**

Except as otherwise provided in the Plan, in any contract, instrument, release or other agreement or document entered into in connection with the Plan or in a Final Order of the Bankruptcy Court, as of the Effective Date, pursuant to section 365 of the Bankruptcy Code, the Debtors were deemed to have rejected each Executory

Contract or Unexpired Lease not previously assumed, assumed and assigned or rejected during the Chapter 11 Cases, which includes, but is not limited to, the Executory Contracts and Unexpired Leases identified on Exhibit IV.A of the Plan.

8. **Bar Dates.**

a. Unless previously Filed or as otherwise governed by the Bar Date Order or in another order of the Court, requests for payment of Administrative Claims must be Filed with the Court and served on the parties identified in paragraph 11 below no later than April 29, 2010, which is 30 days after the Effective Date. Holders of Administrative Claims entitled to priority under section 503(b)(9) of the Bankruptcy Code that have asserted such Claims as part of a proof of Claim filed in accordance with the Bar Date Order shall not be required to File additional requests for payment of Administrative Claims with the Court to maintain their assertion of such administrative priority Claims, and the General Bar Date shall continue to apply to such Claims. Holders of Administrative Claims that are required to File and serve a request for payment of such Administrative Claims and that do not File and serve such a request by the applicable bar date will be forever barred from asserting such Administrative Claims against the Debtors, the Distribution Trust or their respective property. Objections to the requests for payment of postpetition Administrative Claims must be Filed within 120 days of the Effective Date and served in accordance with the Confirmation Order and the Plan.

b. Professionals or other entities asserting a Fee Claim for services rendered before the Effective Date must File and serve on the parties identified in paragraph 11 below and such other entities who are designated by the Bankruptcy Rules, the Fee Order, the Confirmation Order or other order of the Court an application for final allowance of such Fee Claim no later than May 31, 2010, which is 60 days after the Effective Date; provided, however, that any professional who may receive compensation or reimbursement of expenses pursuant to the Ordinary Course Professionals Order may continue to receive such compensation and reimbursement of expenses for services rendered before the Effective Date pursuant to the Ordinary Course Professionals Order without further Court review or approval (except as provided in the Ordinary Course Professionals Order). Objections to any Fee Claim must be Filed with the Court and served on the parties identified in paragraph 11 below and on the requesting party by 90 days after the Effective Date or such other period of limitation as may be specifically fixed by a Final Order for objecting to such Fee Claims.

c. In accordance with the Bar Date Order, and except as otherwise provided in a Final Order of the Court approving the rejection of an Executory Contract or Unexpired Lease, Claims arising out of the rejection of an Executory Contract or Unexpired Lease must be Filed with the Court on or before the later of: (a) April 29, 2010, which is 30 days after the Effective Date or (b) 30 days after such Executory Contract or Unexpired Lease is rejected pursuant to a separate order of the Court. Any Claims not Filed within such applicable time periods will be forever barred from receiving a distribution from the Debtors or the Distribution Trust.

9. **Substantive Consolidation.**

Pursuant to the Confirmation Order, as of the Effective Date, the Debtors' Estates have been substantively consolidated, including for the purpose of implementing the Plan, for calculating and making distributions under the Plan and for filing post-Confirmation reports and paying quarterly fees to the Office of the United States Trustee.

10. **Retention of Jurisdiction.**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retained such jurisdiction over the Chapter 11 Cases after the Effective Date to the fullest extent legally permissible**.**

11. **Notice Parties' Service Addresses.**

For purposes of serving requests for payment of Administrative Claims, applications for allowance of Fee Claims or other pleadings required to be served on the notice parties set forth in the Plan, such requests for payment and such pleadings should be served, as applicable, on: (a) counsel to the Debtors, JONES DAY, 222 East 41st Street, New York, New York 10017 (Attn: Richard Engman, Esq.) and JONES DAY, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn: Ryan Routh, Esq.); (b) the Distribution Trustee, EXECUTIVE SOUNDING BOARD ASSOCIATES, INC., 2 Penn Center, 1500 JFK Blvd., Suite 1730, Philadelphia, Pennsylvania 19102 (Attn: Robert D. Katz); (c) counsel to the Creditors' Committee, REED SMITH LLP, 599 Lexington Ave., New York, New York 10022 (Attn: Mark D. Silverschotz, Esq.) and REED SMITH LLP, 1201 Market Street. Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt Gwynne, Esq. and Mark Eckard, Esq.); (d) counsel to 2012 Indenture Trustee, PRYOR CASHMAN LLP, 7 Times Square, New York, New York 10036 (Attn: Tina Moss, Esq.); (e) counsel to 2013 Indenture Trustee, BRYAN CAVE LLP, 1290 Avenue of the Americas, New York, New York, 10104 (Attn: Lawrence P. Gottesman, Esq.); (f) counsel to Asahi Tec Corporation, O'MELVENY & MEYERS LLP, 400 South Hope Street, Los Angeles, California 90071 (Attn: Evan Jones, Esq.); and (g) counsel to RHJI, CRAVATH SWAINE & MOORE, LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York. 10010 (Attn: Thomas Dunn, Esq. and Richard Levin, Esq.).

12. **Service Upon Claims and Noticing Agent.**

Proofs of Claim arising from the rejection of Executory Contracts or Unexpired Leases should be served on the Debtors' claims and noticing agent, either by (a) by mailing a copy of the relevant pleading or the original proof of claim to *Oldco M Corporation*, c/o BMC Group, Claims Processing, P.O. Box 3020, Chanhassen, MN 55317-3020 or (b) by delivering the original proof of claim by hand or overnight courier to *Oldco M Corporation*, c/o BMC Group, Claims Processing, 18750 Lake Drive East, Chanhassen, MN 55317. Original proofs of Claim must be received by BMC on or before the applicable bar date to be timely Filed. Proofs of Claim submitted by facsimile or e-mail shall not be accepted.

13. **Copies of Confirmation Order.**

Copies of the Confirmation Order may be obtained at www.bmcgroup.com/metaldyne or from BMC Group, Inc. by calling 1-888-909-0100 (toll-free).

March 30, 2010

| | |
|---|---|
| Richard H. Engman<br>JONES DAY<br>222 East 41st Street<br>New York, New York 10017<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306 | Heather Lennox<br>Ryan T. Routh<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>Telephone: (216) 586-3939<br>Facsimile: (216) 579-0212<br><br>ATTORNEYS FOR DEBTORS<br>   AND DEBTORS IN POSSESSION<br><br>BY ORDER OF THE COURT |