JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Heather Lennox
Ryan T. Routh
Daniel M. Syphard

- and -

REED SMITH LLP
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Kurt F. Gwynne
Mark W. Eckard

Attorneys for Oldco M
   Distribution Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                      :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Oldco M Corporation | : | Case No. 09-13412 (MG) |
| (f/k/a Metaldyne Corporation), *et al.,* | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

------------------------------------------------------------x

**NOTICE OF HEARING ON OMNIBUS OBJECTION**
**OF OLDCO M DISTRIBUTION TRUST SEEKING TO**
**DISALLOW CERTAIN LATE-FILED CLAIMS (OMNIBUS OBJECTION NO. 24)**

**TO THE CLAIMANTS IDENTIFIED ON THE ATTACHED EXHIBIT AND SUBJECT TO THE ATTACHED OBJECTION:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     The Oldco M Distribution Trust (the "Trust"), as successor to Oldco M Corporation (f/k/a Metaldyne Corporation), has filed an objection (the "Objection") to the proof(s) of claim you filed against the bankruptcy estate of Oldco M Corporation or one or more of its 30 domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"). That Objection is appended to this Notice and is titled "Omnibus Objection of Oldco M Distribution Trust Seeking to Disallow Certain Late-Filed Claims (Omnibus Objection No. 24)."

2.     Your proof(s) of claim may be disallowed and/or otherwise affected as a result of the Objection. Therefore, you should read this Notice and the attached Objection carefully. Moreover, you should locate your name and claim on Exhibit 1 attached to the Objection.

3.     As set forth in the Objection, the Trust has determined that one or more of your proofs of claim was filed after the applicable bar dates established by the Court in these cases.

4.     **On May 13, 2010 at 2:00 p.m., prevailing Eastern Time**, a hearing (the "Hearing") on the Objection will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408.

5.     If you disagree with the Objection, you or your attorney **must**: (a) file a written response (a "Response") to the Objection with the Clerk of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408 **no later than April 30, 2010 at 4:00 p.m., prevailing Eastern Time**; and (b) serve copies of your response so as to be **actually received** no later than **April 30, 2010 at 4:00 p.m., prevailing Eastern Time**, by the following parties: (i) Oldco M Distribution Trust, c/o Executive Sounding Board Associates, Inc., 2 Penn Center, 1500 JFK Blvd., Suite 1730, Philadelphia, Pennsylvania 19102 (Attn: Robert D. Katz); (ii) Reed Smith LLP, 599 Lexington Ave., New York, New York 10022 (Attn: Mark D. Silverschotz, Esq.); (iii) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt Gwynne, Esq. and Mark Eckard, Esq.); (iv) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190 (Attn: Daniel Syphard, Esq.); and (v) the parties on the Special Service List in these cases, established under the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures in these cases (Docket No. 133) (as it may be amended, the "Case Management Order").

6.     Any Response should contain the following:

   ♦   The approved case caption (including the hearing date in the upper right-hand corner) and the title of the Objection to which the Response is directed;

- The name of the claimant and description of the bases for the amount of the underlying claim;

- A concise statement setting forth the reasons why the Court should not sustain the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection;

- A copy of any documentation or other evidence of the claim upon which the claimant will rely in opposing the Objection at the Hearing, potentially including a declaration of a person with personal knowledge, to the extent that such documentation or evidence is not included with the claimant's proof of claim; and

- The name(s), address(es), telephone number(s), facsimile number(s) and e-mail address(es) of the person(s) (who may be the claimant and/or the claimant's legal representative) to whom the Debtors' attorneys should serve any reply to the Response.

7. To facilitate a resolution of the Objection, you are encouraged to provide in your Response the name(s), address(es), telephone number(s), facsimile number(s) and e-mail address(es) of the person(s) who possess the authority to reconcile, settle or otherwise resolve the Objection on your behalf.

8. If you or your designated attorney or representative do not timely file and serve the Response in accordance with the above-referenced procedures, the Court may enter an order granting the relief requested in the Objection. If you or your designated representative or attorney do file a Response and the matter is not otherwise resolved or adjourned, it will be presented to the Court at the Hearing. Only those Responses made in accordance with the above-referenced requirements and timely filed and received by the Court and the Debtors' attorneys will be considered by the Court at the Hearing. **If you fail to respond in accordance with this Notice, the Court may grant the relief requested in the Objection without further notice or hearing.**

9. Additional copies of the Objection and copies of the Case Management Order and the Special Service List may be obtained from the Court's website at http://ecf.nysb.uscourts.gov or, free of charge, at www.bmcgroup.com/metaldyne.

Dated: April 8, 2010
New York, New York

Respectfully submitted,

/s/ Ryan Routh
Heather Lennox
Ryan T. Routh
Daniel M. Syphard
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

- and -

Kurt F. Gwynne
Mark W. Eckard
REED SMITH LLP
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

ATTORNEYS FOR OLDCO M
DISTRIBUTION TRUST

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Heather Lennox
Ryan T. Routh
Daniel M. Syphard

- and -

REED SMITH LLP
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Kurt F. Gwynne
Mark W. Eckard

Attorneys for Oldco M
   Distribution Trust


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Oldco M Corporation | : | Case No. 09-13412 (MG) |
| (f/k/a Metaldyne Corporation), *et al.*, | : |  |
|  | : | (Jointly Administered) |
|                   Debtors. | : |  |
|  | : |  |
|  | : |  |

-------------------------------------------------------------x


**OMNIBUS OBJECTION OF OLDCO M DISTRIBUTION TRUST SEEKING**
**TO DISALLOW CERTAIN LATE-FILED CLAIMS (OMNIBUS OBJECTION NO. 24)**

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD**
**LOCATE THEIR NAME AND CLAIM(S) ON THE ATTACHED EXHIBIT 1.**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The Oldco M Distribution Trust (the "Trust") respectfully represents as follows:

## Background

1.     On May 27, 2009 (the "Petition Date"), Oldco M Corporation (f/k/a Metaldyne Corporation) and 30 of its domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By an order entered on May 29, 2009, the Debtors' chapter 11 cases were consolidated for procedural purposes and thereafter were jointly administered (Docket No. 65).

2.     Oldco M Corporation was a wholly-owned subsidiary of Metaldyne Holdings LLC ("Metaldyne Holdings"), which, in turn, was a wholly-owned subsidiary of Asahi Tec Corporation ("Asahi Tec"), a Japanese corporation. Oldco M Corporation was the direct or indirect parent of each of the other Debtors and each of the Debtors' nondebtor subsidiaries (collectively, the "Oldco M Companies"). As of the Petition Date, the Oldco M Companies were leading global manufacturers of highly engineered metal components for the global light vehicle market and among the 50 largest auto parts suppliers in North America.

3.     Shortly after the Petition Date, the Debtors filed motions (Docket Nos. 214 and 323) to sell a majority of their assets and to establish an auction process or processes and bid procedures to consummate these sales, and also began the process of marketing their other business units for sale. On August 5, 2009 and August 6, 2009, the Debtors held an auction, pursuant to which MD Investors Corporation ("MD Investors") presented a bid for the assets, which included a cash component, a credit bid component and other consideration. On August 12, 2009, the Court entered an order (Docket No. 674) (the

"Sale Order") authorizing the sale to MD Investors of substantially all of the Debtors' assets free and clear of all liens, claims, interests and encumbrances (the "MD Investors Transaction"). The MD Investors Transaction closed on October 16, 2009.

4.     On January 11, 2010, the Debtors filed their Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession (Docket No. 1180) (the "Plan") and the related Disclosure Statement. On February 23, 2010, the Court entered an order confirming the Plan and substantively consolidating these bankruptcy cases (Docket No. 1384), and on March 30, 2010, the Plan became effective (the "Effective Date"). As of the Effective Date, the Debtors were dissolved and the Oldco M Distribution Trust was created in order to liquidate the Debtors' remaining assets (including any claims and causes of action possessed by the Debtors), litigate and resolve claims filed against the Debtors' estates, make distributions to creditors and take other actions permitted by Section III.C of the Plan.

## Background Regarding the Claims Process

5.     On July 7, 2009, the Debtors filed their respective schedules of assets and liabilities and statements of financial affairs (Docket Nos. 361-391) (collectively, the "Schedules"). By an order entered on July 7, 2009 (Docket No. 394) (the "Bar Date Order"), the Court established August 14, 2009 as the general bar date applicable for most creditor for the filing of proofs of claim asserting prepetition liabilities against the Debtors (the "General Bar Date"). The Bar Date Order, among other things, also established bar dates for:  (a) the filing of proofs of claim in response to any amendments to the Schedules; (b) claims for damages arising from the rejection of executory contracts and unexpired leases; and (c) a bar date for governmental units (collectively with the General Bar Date, the "Bar Dates").

6.     After the entry of the Bar Date Order, the Debtors provided notice of the Bar Dates to all known creditors and potential creditors in accordance with the requirements of the Bar Date Order. Over 3,600 proofs of claim have been filed in these cases to date. Approximately 1,000 additional claims were deemed filed pursuant to section 1111(a) of the Bankruptcy Code due to their identification in the Schedules.

## Jurisdiction

7.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Requested Relief

8.     Pursuant to sections 105 and 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trust hereby seeks the entry of an order disallowing and expunging each proof of claim identified as a "Claim To Be Expunged" on the attached Exhibit 1 [1] (collectively, the "Late-Filed Claims") because each of the Late-Filed Claims was filed after the Bar Date applicable to that Claimant's claims established by the Bar Date Order. The Debtors have identified the "File Date" for each Late-Filed Claim on Exhibit 1. The Debtors also have identified on Exhibit 1 the Bar Date that applied to each Late-Filed Claim. In support of this Objection, the Trust submits the Declaration of William MacDonald, which is incorporated herein and attached hereto as Exhibit 2.

---

[1]     Nothing in the Exhibit should be construed as an admission of the validity or priority of any claim included thereon.

## Request to Disallow the Late-Filed Claims

9.      This Court's entry of the Bar Date Order: (a) established, pursuant to Bankruptcy Rule 3003(c)(3), the Bar Dates; and (b) approved the form and manner of service of a notice of (i) the Bar Dates and (ii) the procedures for filing proofs of claim (the "Bar Date Notice"). On or about July 10, 2009, The BMC Group, Inc. ("BMC"), the claims and noticing agent employed in these chapter 11 cases, served copies of the Bar Date Notice on the Debtors' creditors and other entities in accordance with the terms of the Bar Date Order.[2]

10.     The Bar Date Order provides as follows:

> Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to properly do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the Debtors the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under any plan of reorganization in these chapter 11 cases or otherwise from the Debtors' estates in respect of an Unscheduled Claim, unless these cases are converted to chapter 7 cases and another bar date is established.

(Bar Date Order ¶ 15.)

11.     The Trust submits that all of the Late-Filed Claims: (a) arose prior to the Petition Date; (b) were subject to the requirement that they be filed by the Bar Date applicable to that Claimant (as defined below), as identified on Exhibit 1; and (c) nonetheless were filed after

---

[2]       On or about September 10, 2009, BMC served the Bar Date Notice on certain additional potential creditors who are potential plaintiffs to an alleged securities class action filed in the District Court for the Eastern District of Michigan. This Objection does not seek to disallow claims filed by these potential plaintiffs; however, the Trust reserves the right to object to any claims asserted by these additional parties.

that applicable Bar Dates. Moreover, most of the claimants identified on the attached Exhibit 1 (collectively, the "Claimants") were timely served with a copy of the Bar Date Notice on or about July 10, 2009 and therefore had adequate notice of the Bar Dates. Those that were not directly served with the Bar Date Notice were nonetheless deemed served via the publication notice provided and remained subject to the Bar Date Order. See Bar Date Order ¶ 19; Notice of Proof of Publication of Bar Date Notice (Docket No. 757) (filed September, 8, 2009).

12.     Section 502 of the Bankruptcy Code provides for the disallowance of the Late-Filed Claims. Section 502(b) of the Bankruptcy Code states, in relevant part, that "if [an] objection to a claim is made, the court, after notice and a hearing, shall . . . allow such claim . . . except to the extent that . . . proof of such claim is not timely filed." None of the Claimants have sought to excuse their Late-Filed Claims through the filing of a motion to enlarge time for filing proofs of claim under Bankruptcy Rule 9006 or otherwise. Because each of the Late-Filed Claims was filed in an untimely manner, and because such untimeliness has not been excused, the Claimants are not entitled to any distribution in respect of the Late-Filed Claims and the Late-Filed Claims should be disallowed and expunged on that basis alone, in accordance with the applicable provisions of the Bar Date Order and the Bankruptcy Code.

**Reservation of Rights**

13.     The Trust reserves the right to further object, on any and all additional factual or legal grounds, to each of the Late-Filed Claims, if such Late-Filed Claims are not disallowed as requested herein. Without limiting the generality of the foregoing, the Trust specifically reserves the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a Response — filed in accordance with the Bankruptcy Code, the Bankruptcy Rules and orders of this Court — by or on behalf of any of the Claimants or other

interested parties; (b) object further to any Late-Filed Claim for which a Claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any Late-Filed Claim based on additional information that may be discovered upon further review by the Trust or through discovery pursuant to the applicable provisions of Part VII of the Bankruptcy Rules. In addition, the Trust reserves and retains its rights to object to a Late-Filed Claim on any and all available grounds to the extent it is found the Late-Filed Claims was timely filed.

### Notice

14.     Pursuant to the Administrative Order, Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, Establishing Case Management and Scheduling Procedures (Docket No. 133) (the "Case Management Order"), entered on June 5, 2009, notice of this Objection has been given to the parties identified on the Special Service List, the General Service List (as such terms are defined in the Case Management Order) and the Claimants on the attached Exhibit 1. The Trust submits that no other or further notice need be provided under the circumstances.

### No Prior Request

15.     No prior request for the relief sought in this Objection has been made to this or any other court in connection with these chapter 11 cases.

WHEREFORE, the Trust respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit 3</u>, disallowing and expunging the Late-Filed Claims; and (b) grant such other and further relief as the Court may deem proper.

Dated:  April 8, 2010
        New York, New York

Respectfully submitted,


/s/ Ryan Routh
Heather Lennox
Ryan T. Routh
Daniel M. Syphard
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

- and -

Kurt F. Gwynne
Mark W. Eckard
REED SMITH LLP
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575

ATTORNEYS FOR OLDCO M
   DISTRIBUTION TRUST

**EXHIBIT 1**

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|---|
| 1 | ALEXANDER, JEFFREY W<br>8050 E MAIN ST<br>OTTAWA, OH 45875 | 09-13412 | 3312 | BLANK | (U) | 8/17/2009 | 8/14/2009 |
| 2 | BRODMAN, JEFFREY ALLAN<br>3766 CO RD 220<br>FINDLAY, OH 45840 | 09-13412 | 3288 | BLANK | (U) | 8/17/2009 | 8/14/2009 |
| 3 | BUCKEYE MOUNTAIN COFFEE & WATER CO<br>35142 LAKELAND BLVD<br>EASTLAKE, OH 44095 | 09-13420 | 3453 | $377.05 | (U) | 8/31/2009 | 8/14/2009 |
| 4 | CENTENNIAL WIRELESS<br>ATTN RECOVERY<br>3811 ILLINOIS RD<br>STE #100<br>FORT WAYNE, IN 46804 | 09-13412 | 3555 | $414.37 | (U) | 11/16/2009 | 8/14/2009 |
| 5 | CROWN DIE & MOLD INC<br>2349 CAROUSEL CT<br>WESTLAKE, OH 44145 | 09-13415 | 3676 | $91,318.96<br>CONTINGENT<br>UNLIQUIDATED<br>DISPUTED | (U) | 2/25/2010 | 8/14/2009 |
| 6 | ELLERBROCK, GARY L<br>12305 ROAD J<br>OTTAWA, OH 45875-9436 | 09-13412 | 3334 | BLANK | (U) | 8/17/2009 | 8/14/2009 |
| 7 | ERICH RENTAL, INC.<br>ATTN CORPORATE OFFICER<br>640 S SAINT MARYS ST<br>ST.MARYS, PA 15857-1648 | 09-13416 | 3365 | $782.30 | (U) | 8/17/2009 | 8/14/2009 |
| 8 | ERICH RENTAL, INC.<br>ATTN CORPORATE OFFICER<br>640 S SAINT MARYS ST<br>ST.MARYS, PA 15857-1648 | 09-13421 | 3366 | $755.00 | (U) | 8/17/2009 | 8/14/2009 |
| 9 | FOOTE, JOHN J<br>1478 BLUEBIRD DR<br>WACONIA, MN 55387-1142 | 09-13412 | 3612 | BLANK | (U) | 12/10/2009 | 8/14/2009 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

4/5/2010 3:33:42 PM

# In re: Oldco M Corporation f/k/a Metaldyne Corporation
## OMNIBUS : EXHIBIT D - LATE FILED CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|---|
| 10 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3583 | $16,644.19 CONTINGENT | (U) | 9/4/2009 | 8/14/2009 |
| 11 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3584 | $6,637.62 | (S) | 9/4/2009 | 8/14/2009 |
| 12 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13414 | 3585 | $6,518.58 CONTINGENT | (U) | 9/4/2009 | 8/14/2009 |
| 13 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3586 | $684.62 CONTINGENT | (U) | 9/4/2009 | 8/14/2009 |
| 14 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13415 | 3588 | $5,371.73 CONTINGENT | (U) | 9/4/2009 | 8/14/2009 |
| 15 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3589 | $1,813.90 | (S) | 9/4/2009 | 8/14/2009 |
| 16 | HARRISON, EDWIN T 102 SCHOONERS CT EMERALD ISLE, NC 28594 | 09-13412 | 3535 | $134,060.00 | (U) | 11/2/2009 | 8/14/2009 |
| 17 | HARRISON, ROSE M 102 SCHOONERS CT EMERALD ISLE, NC 28594 | 09-13412 | 3534 | $50,362.50 | (U) | 11/2/2009 | 8/14/2009 |
| 18 | IKON FINANCIAL SERVICES BANKRUPTCY ADMINISTRATION PO BOX 13708 MACON, GA 31208-3708 | 09-13412 | 3593 | $46,135.75 CONTINGENT | (U) | 9/14/2009 | 8/14/2009 |
| 19 | IKON OFFICE SOLUTIONS ACCOUNTS RECEIVABLE CENTER ATTN:BANKRUPTCY TEAM 3920 ARKWRIGHT RD STE 400 MACON, GA 31210 | 09-13412 | 3386 | $7,761.88 | (U) | 8/17/2009 | 8/14/2009 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative (P) - Priority

(S) - Secured (U) - Unsecured

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|---|
| 20 | JUNG EXPRESS 201 W AIR CARGO WAY MILWAUKEE, WI 53207 | 09-13412 | 3641 | $236.00 | (U) | 2/19/2010 | 8/14/2009 |
| 21 | KIRBY ENGINEERING LOCKED BAG 6503 MILPERRA NSW 1891, AUSTRALIA | 09-13412 | 3300 | $172,919.00 | (U) | 8/17/2009 | 8/14/2009 |
| 22 | MORRIS SOUTH - MACHINE TOOL SYSTEMS 12428 SAM NEELY RD CHARLOTTE, NC 28278 | 09-13412 | 3553 | $650.00 | (U) | 11/9/2009 | 8/14/2009 |
| 23 | PCM ELECTRICAL CONT INC 1095 MARIETTA INDUSTRIAL DR MARIETTA, GA 30062 | 09-13415 | 3358 | $14,452.11 $14,452.11 | (P) (U) | 8/17/2009 | 8/14/2009 |
| 24 | RACOH PRODUCTS INC PO BOX 29 1751 RICH VALLEY RD EMPORIUM, PA 15834 | 09-13412 | 3573 | $307.05 | (U) | 11/24/2009 | 8/14/2009 |
| 25 | RUI R NUNES UNIP LDA R LIBERDADE 39 3B 2800-756 ALMADA, PORTUGAL | 09-13421 | 3679 | $560.00 | (U) | 3/23/2010 | 8/14/2009 |
| 26 | SCHENKER INC 965 NORFOLK SQ NORFOLK, VA 23502 | 09-13412 | 3576 | $3,044.90 | (U) | 9/4/2009 | 8/14/2009 |
| 27 | TENNANT FINANCIAL SERVICES 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3587 | $4,053.24 CONTINGENT | | 9/4/2009 | 8/14/2009 |
| 28 | TNT-EDM, INC. 47689 E ANCHOR CT PLYMOUTH, MI 48170-2455 | 09-13419 | 3279 | $1,850.00 | (U) | 8/17/2009 | 8/14/2009 |
| 29 | TNT-EDM, INC. 47689 E ANCHOR CT PLYMOUTH, MI 48170-2455 | 09-13415 | 3280 | $4,560.00 $15,570.00 | (A) (U) | 8/17/2009 | 8/14/2009 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

# In re: Oldco M Corporation f/k/a Metaldyne Corporation
## OMNIBUS : EXHIBIT D - LATE FILED CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|---|
| 30 | TNT-EDM, INC.<br>47689 E ANCHOR CT<br>PLYMOUTH, MI 48170-2455 | 09-13418 | 3281 | $2,420.00 | (U) | 8/17/2009 | 8/14/2009 |
| 31 | TNT-EDM, INC.<br>47689 E ANCHOR CT<br>PLYMOUTH, MI 48170-2455 | 09-13418 | 3321 | $4,330.00<br>$87,880.00 | (A)<br>(U) | 8/17/2009 | 8/14/2009 |
| 32 | WEISS-ROHLIG USA LLC<br>J MCGREGOR<br>351 W TOUHY AVE<br>DES PLAINES, IL 60018 | 09-13412 | 3630 | $10,004.21 | (U) | 2/5/2010 | 8/14/2009 |
| 33 | WELLS, SCOTT R<br>11055 RD 7 APT 2<br>OTTAWA, OH 45875 | 09-13412 | 3310 | BLANK | (U) | 8/17/2009 | 8/14/2009 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured<br>(P) - Priority    (U) - Unsecured

4/5/2010 3:33:43 PM

# In re: Oldco M Corporation f/k/a Metaldyne Corporation
## OMNIBUS : EXHIBIT D - LATE FILED CLAIMS

| Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|

**Totals:**

| | |
|---|---|
| $8,451.52 | (S) |
| $8,890.00 | (A) |
| $14,452.11 | (P) |
| $675,133.44 | (U) |

### Case Legend:

| Case Number | Creditor | Case Number | Creditor | Case Number | Creditor |
|---|---|---|---|---|---|
| 09-13411 | MD PRODUCTS CORPORATION | 09-13421 | METALDYNE SINTERED COMPONENTS ST. MARYS | 09-13431 | METALDYNE US HOLDING CO. |
| 09-13412 | OLDCO M CORPORATION F/K/A METALDYNE CORPORATION | 09-13422 | NC-M CHASSIS SYSTEMS LLC | 09-13432 | ER ACQUISITION CORPORATION |
| 09-13413 | METALDYNE ENGINE CO, LLC | 09-13423 | PUNCHCRAFT COMPANY | 09-13433 | GMTI HOLDING COMPANY |
| 09-13414 | METALDYNE CO, LLC | 09-13424 | WINDFALL SPECIALTY POWDERS, INC. | 09-13434 | HALYARD AVIATION SERVICES, INC. |
| 09-13415 | METALDYNE LESTER PRECISION DIE CASTING, INC. | 09-13425 | METALDYNE ASIA, INC. | 09-13435 | MASCOTECH SATURN HOLDINGS, INC. |
| 09-13416 | METALDYNE SINTERED COMPONENTS LLC | 09-13426 | METALDYNE DRIVELINE CO. | 09-13436 | MASG DISPOSITION, INC. |
| 09-13417 | METALDYNE TUBULAR PRODUCTS, INC. | 09-13427 | METALDYNE EUROPE, INC. | 09-13437 | MASX ENERGY SERVICE GROUP, INC. |
| 09-13418 | METALDYNE DUPAGE DIE CASTING CORPORATION | 09-13428 | METALDYNE PRECISION FORMING – FORT WAYNE | 09-13438 | PRECISION HEADED PRODUCTS, INC. |
| 09-13419 | METALDYNE MACHINING AND ASSEMBLY COMPANY | 09-13429 | METALDYNE SERVICES, INC. | 09-13439 | STAHL INTERNATIONAL, INC. |
| 09-13420 | METALDYNE LIGHT METALS COMPANY, INC. | 09-13430 | METALDYNE SINTERED COMPONENTS OF INDIANA | 09-13440 | VIC MCCURDY CO. |
| | | | | 09-13441 | METALDYNE INTERMEDIATE HOLDCO, INC. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

4/5/2010 3:33:44 PM

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
Oldco M Corporation                           :    Case No. 09-13412 (MG)
(f/k/a Metaldyne Corporation), et al.,        :
                                              :    (Jointly Administered)
                         Debtors.             :
                                              :
                                              :
------------------------------------------------------------x
```

## DECLARATION OF WILLIAM MACDONALD IN SUPPORT OF THE OMNIBUS OBJECTION OF OLDCO M DISTRIBUTION TRUST SEEKING TO DISALLOW CERTAIN LATE-FILED CLAIMS (OMNIBUS OBJECTION NO. 24)

I, William MacDonald, make this Declaration under 28 U.S.C. § 1746 and state as follows:

1.      I am older than 21 years of age and suffer no legal disability.  I am competent to make this Declaration.

2.      I submit this Declaration for all permissible purposes under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and the Federal Rules of Evidence in support of the Omnibus Objection of Oldco M Distribution Trust Seeking to Disallow Certain Late-Filed Claims (Omnibus Objection No. 24) (the "Objection").[1]  I have read the Objection, and I am generally familiar with the information contained therein.

3.      I am a consultant at Accretive Solutions-Detroit, Inc. ("Accretive"), the claim reconciliation managers employed in these cases.  Among my responsibilities in this position, I am responsible for assisting the Trust in its review and analysis of certain of the claims filed in these chapter 11 cases.  Accordingly, I have reviewed and am familiar with the

---

[1]      Capitalized terms not otherwise defined herein have the meanings given to them in the Objection.

Late-Filed Claims and the other matters addressed herein and in the Objection and with various other activities that have taken place to date concerning the review and analysis of the claims asserted in these cases, including all of the claims, facts and circumstances described in the Objection.

4.     Except as otherwise indicated, my statements in this Declaration are based on my personal experience and knowledge as described above, my discussions with responsible management of the Debtors and my review of relevant documents. If called to testify, I could and would testify as stated herein.

5.     In connection with the Trust's ongoing claims reconciliation process, I have reviewed the proof of claim forms filed by the Claimants in connection with the Late-Filed Claims on Exhibit 1 attached to the Objection, including the time stamp on each Late-Filed Claim. I or a designee at my direction also have determined the Bar Date that would apply to such proofs of claim, which Bar Date is also set forth on Exhibit 1 to the Objection. As a result of this review, I have determined that each Late-Filed Claim was filed after its applicable Bar Date.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: April 7, 2010                    /s/ William MacDonald
                                        William MacDonald
                                        Consultant, Accretive Solutions-Detroit, Inc.

**EXHIBIT 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
```
                                        :
In re                                   :   Chapter 11
                                        :
Oldco M Corporation                     :   Case No. 09-13412 (MG)
(f/k/a Metaldyne Corporation), *et al.,* :
                                        :   (Jointly Administered)
                    Debtors.            :
                                        :
```
-------------------------------------------------------------x
```

### ORDER DISALLOWING CERTAIN
### LATE-FILED CLAIMS (OMNIBUS OBJECTION NO. 24)

This matter coming before the Court on the Omnibus Objection of Oldco M Distribution

Trust Seeking to Disallow Certain Late-Filed Claims (Omnibus Objection No. 24)

(the "<u>Objection</u>"),[1] filed by the Oldco M Distribution Trust (the "<u>Trust</u>"); the Court having

reviewed the Objection and the Declaration of William MacDonald attached thereto as <u>Exhibit 2</u>

(the "<u>Declaration</u>") and having heard the statements of counsel regarding the relief requested in

the Objection at a hearing before the Court (the "<u>Hearing</u>"); the Court finding that (a) the Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Objection and the Hearing

was sufficient under the circumstances and in full compliance with the requirements of the

Bankruptcy Code, the Bankruptcy Rules and orders of the Court; and the Court having

determined that the legal and factual bases set forth in the Objection, the Declaration and at the

Hearing establish just cause for the relief granted herein;

---

[1]      Capitalized terms not otherwise defined herein have the meanings given to them in the Objection.

IT IS HEREBY ORDERED THAT:

1.      The Objection is SUSTAINED in its entirety.

2.      Each of the claims identified as "Claims To Be Expunged" on <u>Exhibit 1</u> attached hereto and incorporated herein by reference is disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

3.      The Trust and the claims and noticing agent in these chapter 11 cases, The BMC Group, Inc., and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

Dated: _____, 2010      _____
      New York, New York         UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# In re: Oldco M Corporation f/k/a Metaldyne Corporation
## OMNIBUS : EXHIBIT D - LATE FILED CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|---|
| 1 | ALEXANDER, JEFFREY W<br>8050 E MAIN ST<br>OTTAWA, OH 45875 | 09-13412 | 3312 | BLANK | (U) | 8/17/2009 | 8/14/2009 |
| 2 | BRODMAN, JEFFREY ALLAN<br>3766 CO RD 220<br>FINDLAY, OH 45840 | 09-13412 | 3288 | BLANK | (U) | 8/17/2009 | 8/14/2009 |
| 3 | BUCKEYE MOUNTAIN COFFEE & WATER CO<br>35142 LAKELAND BLVD<br>EASTLAKE, OH 44095 | 09-13420 | 3453 | $377.05 | (U) | 8/31/2009 | 8/14/2009 |
| 4 | CENTENNIAL WIRELESS<br>ATTN: RECOVERY<br>3811 ILLINOIS RD<br>STE #100<br>FORT WAYNE, IN 46804 | 09-13412 | 3555 | $414.37 | (U) | 11/16/2009 | 8/14/2009 |
| 5 | CROWN DIE & MOLD INC<br>2349 CAROUSEL CT<br>WESTLAKE, OH 44145 | 09-13415 | 3676 | $91,318.96<br>CONTINGENT<br>UNLIQUIDATED<br>DISPUTED | (U) | 2/25/2010 | 8/14/2009 |
| 6 | ELLERBROCK, GARY L<br>12305 ROAD J<br>OTTAWA, OH 45875-9436 | 09-13412 | 3334 | BLANK | (U) | 8/17/2009 | 8/14/2009 |
| 7 | ERICH RENTAL, INC.<br>ATTN CORPORATE OFFICER<br>640 S SAINT MARYS ST<br>ST.MARYS, PA 15857-1648 | 09-13416 | 3365 | $782.30 | (U) | 8/17/2009 | 8/14/2009 |
| 8 | ERICH RENTAL, INC.<br>ATTN CORPORATE OFFICER<br>640 S SAINT MARYS ST<br>ST.MARYS, PA 15857-1648 | 09-13421 | 3386 | $755.00 | (U) | 8/17/2009 | 8/14/2009 |
| 9 | FOOTE, JOHN J<br>1478 BLUEBIRD DR<br>WACONIA, MN 55387-1142 | 09-13412 | 3612 | BLANK | (U) | 12/10/2009 | 8/14/2009 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

# In re: Oldco M Corporation f/k/a Metaldyne Corporation
## OMNIBUS : EXHIBIT D - LATE FILED CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|---|
| 10 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3583 | $16,644.19 CONTINGENT | (U) | 9/4/2009 | 8/14/2009 |
| 11 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3584 | $6,637.62 | (S) | 9/4/2009 | 8/14/2009 |
| 12 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13414 | 3585 | $6,518.58 CONTINGENT | (U) | 9/4/2009 | 8/14/2009 |
| 13 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3586 | $984.62 CONTINGENT | (U) | 9/4/2009 | 8/14/2009 |
| 14 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13415 | 3588 | $5,371.73 CONTINGENT | (U) | 9/4/2009 | 8/14/2009 |
| 15 | GENERAL ELECTRIC CAPITAL CORP 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3589 | $1,813.90 | (S) | 9/4/2009 | 8/14/2009 |
| 16 | HARRISON, EDWIN T 102 SCHOONERS CT EMERALD ISLE, NC 28594 | 09-13412 | 3535 | $134,060.00 | (U) | 11/2/2009 | 8/14/2009 |
| 17 | HARRISON, ROSE M 102 SCHOONERS CT EMERALD ISLE, NC 28594 | 09-13412 | 3534 | $50,362.50 | (U) | 11/2/2009 | 8/14/2009 |
| 18 | IKON FINANCIAL SERVICES BANKRUPTCY ADMINISTRATION PO BOX 13708 MACON, GA 31208-3708 | 09-13412 | 3593 | $46,135.75 CONTINGENT | (U) | 9/14/2009 | 8/14/2009 |
| 19 | IKON OFFICE SOLUTIONS ACCOUNTS RECEIVABLE CENTER ATTN BANKRUPTCY TEAM 3920 ARKWRIGHT RD STE 400 MACON, GA 31210 | 09-13412 | 3386 | $7,761.88 | (U) | 8/17/2009 | 8/14/2009 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

4/5/2010 3:33:43 PM

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|---|
| 20 | JUNG EXPRESS 201 W AIR CARGO WAY MILWAUKEE, WI 53207 | 09-13412 | 3641 | $236.00 | (U) | 2/19/2010 | 8/14/2009 |
| 21 | KIRBY ENGINEERING LOCKED BAG 6503 MILPERRA NSW 1891, AUSTRALIA | 09-13412 | 3300 | $172,919.00 | (U) | 8/17/2009 | 8/14/2009 |
| 22 | MORRIS SOUTH - MACHINE TOOL SYSTEMS 12428 SAM NEELY RD CHARLOTTE, NC 28278 | 09-13412 | 3553 | $650.00 | (U) | 11/9/2009 | 8/14/2009 |
| 23 | PCM ELECTRICAL CONT INC 1095 MARIETTA INDUSTRIAL DR MARIETTA, GA 30062 | 09-13415 | 3358 | $14,452.11 $14,452.11 | (P) (U) | 8/17/2009 | 8/14/2009 |
| 24 | RACOH PRODUCTS INC PO BOX 29 1751 RICH VALLEY RD EMPORIUM, PA 15834 | 09-13412 | 3573 | $307.05 | (U) | 11/24/2009 | 8/14/2009 |
| 25 | RUI R NUNES UNIP LDA R LIBERDADE 39 3B 2800-756 ALMADA, PORTUGAL | 09-13421 | 3679 | $560.00 | (U) | 3/23/2010 | 8/14/2009 |
| 26 | SCHENKER INC 955 NORFOLK SQ NORFOLK, VA 23502 | 09-13412 | 3576 | $3,044.90 | (U) | 9/4/2009 | 8/14/2009 |
| 27 | TENNANT FINANCIAL SERVICES 1010 THOMAS EDISON BLVD SW CEDAR RAPIDS, IA 52404 | 09-13412 | 3587 | $4,053.24 CONTINGENT | | 9/4/2009 | 8/14/2009 |
| 28 | TNT-EDM, INC. 47689 E ANCHOR CT PLYMOUTH, MI 48170-2455 | 09-13419 | 3279 | $1,850.00 | (U) | 8/17/2009 | 8/14/2009 |
| 29 | TNT-EDM, INC. 47689 E ANCHOR CT PLYMOUTH, MI 48170-2455 | 09-13415 | 3280 | $4,560.00 $15,570.00 | (A) (U) | 8/17/2009 | 8/14/2009 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

4/5/2010 3:33:43 PM

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|---|
| 30 | TNT-EDM, INC.<br>47689 E ANCHOR CT<br>PLYMOUTH, MI 48170-2455 | 09-13418 | 3281 | $2,420.00 | (U) | 8/17/2009 | 8/14/2009 |
| 31 | TNT-EDM, INC.<br>47689 E ANCHOR CT<br>PLYMOUTH, MI 48170-2455 | 09-13418 | 3321 | $4,330.00<br>$87,880.00 | (A)<br>(U) | 8/17/2009 | 8/14/2009 |
| 32 | WEISS-ROHLIG USA LLC<br>J MCGREGOR<br>351 W TOUHY AVE<br>DES PLAINES, IL 60018 | 09-13412 | 3630 | $10,004.21 | (U) | 2/5/2010 | 8/14/2009 |
| 33 | WELLS, SCOTT R<br>11055 RD 7 APT 2<br>OTTAWA, OH 45875 | 09-13412 | 3310 | BLANK | (U) | 8/17/2009 | 8/14/2009 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

4/5/2010 3:33:43 PM

# In re: Oldco M Corporation f/k/a Metaldyne Corporation
## OMNIBUS : EXHIBIT D - LATE FILED CLAIMS

| Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Filed Date | Bar Date |
|---|---|---|---|---|---|---|

| | | **Totals:** | $8,451.52 (S) | | | |
| | | | $8,890.00 (A) | | | |
| | | | $14,452.11 (P) | | | |
| | | | $675,133.44 (U) | | | |

| Creditor Name / Address | Claim Number | Creditor Name / Address | Case Number | Bar Date |
|---|---|---|---|---|
| MD PRODUCTS CORPORATION | 09-13411 | METALDYNE SINTERED COMPONENTS ST. MARYS | 09-13421 | METALDYNE US HOLDING CO. | 09-13431 |
| OLDCO M CORPORATION F/K/A METALDYNE CORPORATION | 09-13412 | NC-M CHASSIS SYSTEMS LLC | 09-13422 | ER ACQUISITION CORPORATION | 09-13432 |
| METALDYNE ENGINE CO, LLC | 09-13413 | PUNCHCRAFT COMPANY | 09-13423 | GMTI HOLDING COMPANY | 09-13433 |
| METALDYNE CO, LLC | 09-13414 | WINDFALL SPECIALTY POWDERS, INC. | 09-13424 | HALYARD AVIATION SERVICES, INC. | 09-13434 |
| METALDYNE LESTER PRECISION DIE CASTING, INC. | 09-13415 | METALDYNE ASIA, INC. | 09-13425 | MASCOTECH SATURN HOLDINGS, INC. | 09-13435 |
| METALDYNE SINTERED COMPONENTS LLC | 09-13416 | METALDYNE DRIVELINE CO. | 09-13426 | MASG DISPOSITION, INC. | 09-13436 |
| METALDYNE TUBULAR PRODUCTS, INC. | 09-13417 | METALDYNE EUROPE, INC. | 09-13427 | MASX ENERGY SERVICE GROUP, INC. | 09-13437 |
| METALDYNE DUPAGE DIE CASTING CORPORATION | 09-13418 | METALDYNE PRECISION FORMING – FORT WAYNE | 09-13428 | PRECISION HEADED PRODUCTS, INC. | 09-13438 |
| METALDYNE MACHINING AND ASSEMBLY COMPANY | 09-13419 | METALDYNE SERVICES, INC. | 09-13429 | STAHL INTERNATIONAL, INC. | 09-13439 |
| METALDYNE LIGHT METALS COMPANY, INC. | 09-13420 | METALDYNE SINTERED COMPONENTS OF INDIANA | 09-13430 | WC MCCURDY CO. | 09-13440 |
| | | | | METALDYNE INTERMEDIATE HOLDCO, INC. | 09-13441 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.   **(A) - Administrative   (S) - Secured
(P) - Priority   (U) - Unsecured

4/5/2010 3:33:44 PM