UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | FOR PUBLICATION |
|---|---|
| Oldco M Corp., | Chapter 11<br>Case No. 09-13412 (MG)<br>(Jointly Administered) |
| Debtor. | |

**MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO FILE
SETTLEMENT AGREEMENT UNDER SEAL**

*A P P E A R A N C E S:*

NORRIS, McLAUGHLIN & MARCUS, PA
*Local Counsel for Executive Sounding Board Associates, Inc.,
The Liquidating Trustee of the Oldco M. Distribution Trust*
875 Third Avenue, 8th Floor
New York, New York 10022
(212) 808-0700
By:   Melissa A. Pefia (MP 3320)

MITNICK & MALZBERG, PC
*Counsel for Executive Sounding Board Associates, Inc., the
Liquidating Trustee of the Oldco M. Distribution Trust*
29 Race Street
Frenchtown, New Jersey 08825
By:   Steven J. Mitnick, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the *Application of the Liquidating Trustee of the Oldco M Distribution Trust to File an Application to Approve a Confidential Settlement Agreement Under Seal* (the "Seal Motion"). (ECF Doc. # 2173.) The Liquidating Trustee requests an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure to file a "confidential" settlement agreement under seal. A copy of the settlement agreement has been provided to chambers for *in camera* review but it has not been

filed on the public docket.  Based on the pleadings before the Court, the Liquidating Trustee has not satisfied the requirements for sealing under section 107(b).  Consequently, the Seal Motion is denied.

## BACKGROUND

On September 21, 2007, one of the debtors (the "Debtor") in the underlying case entered into a contract (the "Contract") with GAZ, a Russian manufacturer of passenger and light commercial vehicles, to sell parts to GAZ.  The Contract provided that disputes under the Contract would be settled by arbitration.  The Debtor's records reflect that GAZ owed money to the Debtor for goods shipped and as a result of GAZ's failure to purchase agreed-upon parts from the Debtor.  On June 15, 2011, the Liquidating Trustee demanded damages from GAZ under the Contract.  When GAZ failed to pay the money requested, arbitration proceedings were initiated.

To avoid the cost and risk associated with arbitration, the Liquidating Trustee and GAZ entered into a Release and Settlement Agreement on December 30, 2011 (the "Settlement Agreement").  The parties executed the Settlement Agreement on January 3, 2012.  The Settlement Agreement provides that the terms will be confidential, but that they can be shared with certain parties, including the Oversight Committee of the Liquidating Trust, financial advisors, and legal counsel.  The Settlement Agreement is "contingent and shall be legally binding on the Parties on the date when," among other conditions, this Court enters an order "granting review and approval of this Agreement under seal, *to the extent allowed by the applicable bankruptcy rules and authorized by the Court*."  (Settlement Agreement ¶ 1(c)

(emphasis added)).[1]  Based on the showing made to the Court, however, the Settlement Agreement cannot be sealed.

## DISCUSSION

### A. Legal Standard

There is a strong presumption and public policy in favor of public access to court records. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d. Cir. 1995).  This right of public access is "rooted in the public's First Amendment right to know about the administration of justice."  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994) (stating that public access "helps safeguard 'the integrity, quality, and respect in our judicial system,' and permits the public 'to keep a watchful eye on the workings of public agencies'" (internal citations omitted)).  And where a party acts not in a fiduciary capacity for another, such as a trustee in a bankruptcy case, "[t]he public interest in openness of court proceedings is at its zenith."  *In re Food Mgmt. Grp., LLC,* 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007); *see also Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.),* 422 F.3d 1, 7 (1st Cir. 2005) ("This governmental interest is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system."); *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984) ("This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.").

---

[1] This language leaves unclear whether the Settlement Agreement can become effective without an order of the Court sealing the agreement; arguably it can become effective if "applicable bankruptcy rules" do not permit it to be sealed or if the Court declines to seal it.  But so far, the Liquidation Trustee has sought only an order sealing the Settlement Agreement; the Court has not yet been asked to approve the settlement.

3

This presumption of open access is codified in section 107 of the Bankruptcy Code. *See* 11 U.S.C. § 107(a). But, in limited circumstances, section 107(b) of the Bankruptcy Code empowers a bankruptcy court to seal documents that would normally be available to the public. Section 107(b) states, in pertinent part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may–
>
> (1) Protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b). Obtaining an order sealing any court filing under section 107(b) requires a motion under Federal Rule of Bankruptcy Procedure 9018:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . contained in any paper filed in a case under the Code.

FED. R. BANKR. P. 9018. The moving party bears the burden of showing that the information is confidential. *See, e.g., In re Food Mgmt Grp.,* 359 B.R. at 561.

But the exception to the general right of access in section 107(b) is narrow. "Congress, itself, has recognized that under compelling or extraordinary circumstances, an exception to the general policy of public access is necessary." *In re Orion Pictures*, 21 F.3d at 27. In evaluating a motion to seal, the "judge must carefully and skeptically review" the motion and the underlying documents to ensure that "compelling or extraordinary circumstances" exist. *Id.* (citing *City of Hartford v. Chase*, 942 F.2d 130, 135-36 (2d Cir. 1991)).[2]

---

[2] In cases where protection is required, however, the Court has discretion when deciding how to protect commercial information. *See In re Gitto*, 422 F.3d at 9. Sealing court submissions containing commercial information is a common way to protect entities when the protective provisions of section 107 are triggered. *See e.g., In re Barney's Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996) ( "*Orion* mandates that we seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operation of the

4

B. **The Settlement Agreement Cannot Be Sealed**

In this case the terms of the Settlement Agreement required the Liquidation Trustee to seek a sealing order from the Court. "Ordinarily, settlements of civil lawsuits are private arrangements between the parties," and the court "'plays no role whatever, standing 'indifferent' to the terms the parties have agreed to.'" *Geltzer v. Andersen Worldwide, S.C.*, No. 2007 WL 273526, at *1 (S.D.N.Y. Jan. 30, 2007) (Lynch, J.) (citing *Janus Films, Inc. v. Miller*, 801 F.2d 578, 582 (2d Cir.1986)). But when a trustee seeks to settle a claim on behalf of a bankruptcy estate, the public policy of open access to court records comes fully into play, and a searching judicial inquiry is required before approving the settlement. *See Andersen Worldwide, S.C.*, 2007 WL 273526, at *1 ("[T]he court must determine the 'fairness' of any proposed settlement." (internal citation omitted)). As Judge Lynch stated in *Andersen Worldwide*:

> [T]his presumption [of open access] "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice . . . . [P]ublic monitoring is an essential feature of democratic control." The Second Circuit has instructed that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Information most clearly due for disclosure includes any "document which is presented to the court to invoke its powers." A stipulation of settlement in a matter in which the Court must approve the substance of the settlement is most certainly such a document. The press and public could hardly make an independent assessment of the facts underlying a judicial disposition, or assess judicial impartiality or bias, without knowing the essence of what the court has approved.

*Id.* at 2 (quoting *United States v. Amodeo,* 71 F.3d at 1048-50).

---

entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.") But rather than wholesale sealing of documents containing some confidential information, redacting the document to remove only confidential information is the preferred form of protection. *See, e.g., In re Borders Group, Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) ("After reviewing the unredacted and redacted versions of the SPA, the Court believes that the proposed redactions properly protect commercial information while assuring that information relevant to the . . . Motion will be publicly disclosed. . . . The Debtors have appropriately redacted only commercial information within the meaning of section 107(b)(1).").

5

Settlements are entitled to no greater protection than any other requests for relief from bankruptcy courts. In *Andersen Worldwide*, as in this case, the only reason given for sealing the settlement was that public disclosure would undercut the settling defendant's leverage in negotiating with other claimants. 2007 WL 273526, at *4. Judge Lynch forcefully rejected that argument:

> This is a wan excuse for impinging on the public's right of access to judicial documents. There is no discernible public interest, or interest of the bankruptcy estates, in preserving Andersen's "leverage" as against other parties who have sued it. Nor has the movant indicated any authority to support its implicit proposition that protecting the bargaining position of the defendant in other, unrelated cases, is even a proper consideration of a court being asked to approve a settlement in a given case.

*Id.* For the same reason, the Court rejects that argument for sealing the Settlement Agreement here.

Although there is no basis to seal the entire Settlement Agreement in this case, the Court's *in camera* review suggests that there may be some information in the agreement that may properly be redacted before the Settlement Agreement is submitted with a Rule 9019 motion for Court approval. For example, the Settlement Agreement contains bank account and routing numbers that appear to be entitled to protection. In the first instance, the parties may review and redact the document, submitting the proposed redacted form of the agreement to the Court for approval to file the redacted agreement in support of a Rule 9019 motion.

## CONCLUSION

For the reasons explained above, the application to file the Settlement Agreement under seal is **DENIED.**

**IT IS SO ORDERED.**

DATED:   March 1, 2012
         New York, New York

                                        ___/s/Martin Glenn___
                                        MARTIN GLENN
                                        United States Bankruptcy Judge